IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NATERA, INC.,<br><br>    Plaintiff,<br> v.<br><br>NEOGENOMICS LABORATORIES, INC.,<br><br>    Defendant. | C.A. No. 1:23-cv-629 |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF NATERA'S MOTION FOR EXPEDITED DISCOVERY**

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 2 |
| III. | QUESTION PRESENTED | 2 |
| IV. | LEGAL STANDARD | 2 |
| V. | ARGUMENT | 3 |
| | A. Natera Has Shown Good Cause To Conduct Expedited Discovery | 3 |
| |    1. The Pending Motion For Preliminary Injunction Warrants Expedited Discovery | 3 |
| |    2. Natera's Requested Discovery Is Narrowly Tailored To The Issues Raised In The Motion For PI | 4 |
| |    3. Natera Will Be Irreparably Harmed Without Expedited Discovery | 6 |
| VI. | CONCLUSION | 8 |
| | CERTIFICATE OF WORD COUNT | 10 |
| | CERTIFICATE OF SERVICE | 11 |

# TABLE OF AUTHORITIES

**Page(s)**

*Bojangles' Int'l, LLC v. CKE Restaurants Holdings, Inc.*,
    No. 3:17-CV-398, 2017 WL 3065115 (W.D.N.C. July 19, 2017) ............................. 2, 4

*Chryso, Inc. v. Innovative Concrete Sols. of the Carolinas, LLC*,
    No. 5:15-CV-115-BR, 2015 WL 12600175 (E.D.N.C. June 30, 2015) ......................... 3

*Dimension Data N. Am., Inc. v. NetStar-1, Inc.*,
    226 F.R.D. 528 (E.D.N.C. 2005) ............................................................................. 4

*Kone Corp. v. ThyssenKrupp USA, Inc.*,
    No. CIV.A. 11-465-LPS, 2011 WL 4478477 (D. Del. Sept. 26, 2011) ......................... 6

*Natera, Inc. v. Inivata, Inc. et al.*,
    21-cv-00056-GBW .................................................................................................. 6

*Natera, Inc. v. Inivata, Inc. et al.*,
    22-cv-1609-GBW, Dkt. No. 1 (D. Del. Dec. 20, 2022) ............................................. 6

*SmartSky Networks, LLC v. Wireless Sys. Sols., LLC*,
    No. 1:20CV834, 2020 WL 13043410 (M.D.N.C. Oct. 13, 2020) ......................... 3, 4, 7

*Teamworks Innovations, Inc. v. Starbucks Corp.*,
    No. 1:19-CV-1240, 2020 WL 406360 (M.D.N.C. Jan. 24, 2020) ............................... 3

*Winter v. Nat. Res. Def. Council, Inc.*,
    555 U.S. 7 (2008) .................................................................................................... 5

I.  **INTRODUCTION**

Plaintiff Natera, Inc. ("Natera") respectfully submits this Memorandum of Law in Support of its Motion for Expedited Discovery, seeking leave to conduct limited discovery on an expedited basis before a preliminary injunction hearing. Specifically, Natera seeks to serve limited requests for production, interrogatories, and a Rule 30(b)(6) deposition notice on Defendant, NeoGenomics Laboratories, Inc. ("NeoGenomics"), each attached hereto as Exhibits 1-3.

As set forth in Natera's Motion for Preliminary Injunction ("Motion for PI") (Doc. 5), Natera is seeking to enjoin Defendant from continuing to infringe U.S. Patent No. 11,530,454 ("the '454 Patent") (Doc. 1-1) and U.S. Patent No. 11,519,035 ("the '035 Patent" (Doc. 1-2). As the first-mover in the market, Natera is facing irreparable harm to its business, market share, and reputation because of Defendant's unlawful making, using, offering to sell, or sale of its RaDaR assay. Natera is forced to compete with its own innovation.

Natera has requested a hearing on its Motion for PI. It is therefore imperative that Natera be permitted to conduct limited discovery that is targeted at the issues presented in the Motion for PI in advance of the hearing to determine the scope of Defendant's wrongdoing so that Natera can seek appropriate relief from the Court. To that end, Natera requests that the Court order Defendant to respond to Natera's interrogatories and produce requested documents within twenty days following the entry of an order, and produce a

1

corporate witness for deposition within fourteen days following the production of documents.

## II. STATEMENT OF FACTS

The relevant facts are set forth in detail in Natera's Memorandum of Law in Support of its Motion for Preliminary Injunction (Doc. 6), and Natera will limit the discussion here only to those facts pertinent to the expedited discovery sought.

Natera filed this Motion in close proximity to the date on which it filed its Complaint and Motion for PI. No Rule 26(f) conference has been scheduled in this case. Additionally, and as stated in Natera's Motion for PI, discovery has not yet begun in the pending Delaware lawsuit in which the same RaDaR assay is accused of infringing the '454 Patent at issue here. Memorandum of Law In Support of Motion for PI at 5-6. Seeking expedited discovery here is Natera's only path to obtain crucial information from Defendant in a timely-fashion.

## III. QUESTION PRESENTED

1. Is Natera entitled to conduct narrowly-tailored expedited discovery prior to the hearing for its Motion for Preliminary Injunction? **Suggested Answer: Yes**

## IV. LEGAL STANDARD

"Rule 26 allows for expedited discovery and indicates that expedited discovery may be appropriate when a party requests preliminary injunctive relief." *Bojangles' Int'l, LLC v. CKE Restaurants Holdings, Inc.*, No. 3:17-CV-398, 2017 WL 3065115, at *6 (W.D.N.C. July 19, 2017); *see also* Fed. R. Civ. P 26(d) and Notes of Advisory Committee on Rules

2

(indicating that early discovery "will be appropriate in some cases, such as those involving requests for a preliminary injunction").

Expedited discovery is appropriate upon showing "reasonableness or good cause." *Teamworks Innovations, Inc. v. Starbucks Corp.*, No. 1:19-CV-1240, 2020 WL 406360, at *3 (M.D.N.C. Jan. 24, 2020). Courts consider three factors when determining reasonableness and good cause: "(1) the timing of the [instant motion], (2) whether [Plaintiff] has narrowly tailored its [discovery] requests to gather information relevant to a preliminary injunction determination, and (3) whether [Plaintiff] has shown a likelihood of irreparable harm without access to expedited discovery." *Id.* (internal quotation omitted).

V.     **ARGUMENT**

    A.     **Natera Has Shown Good Cause To Conduct Expedited Discovery**

        1.     **The Pending Motion For Preliminary Injunction Warrants Expedited Discovery**

The instant Motion is reasonably timed in light of the recently filed Motion for PI. Courts regularly permit parties to engage in expedited discovery in anticipation of a hearing on a pending motion for preliminary injunction. *Compare, e.g.*, *SmartSky Networks, LLC v. Wireless Sys. Sols., LLC*, No. 1:20CV834, 2020 WL 13043410, at *2 (M.D.N.C. Oct. 13, 2020) (granting motion for expedited discovery that was filed in closed proximity to the complaint and motion for preliminary injunction), *Teamworks*, 2020 WL 406360 at *3 (finding timing factor "favors allowing expedited discovery" where the motion was filed "seven business days after filing the PI motion and three weeks before Defendant's (extended) deadline to respond to the PI Motion"), and *Chryso, Inc. v. Innovative Concrete*

3

*Sols. of the Carolinas, LLC*, No. 5:15-CV-115-BR, 2015 WL 12600175, at *6 (E.D.N.C. June 30, 2015) (finding it "reasonable to allow Chryso to conduct limited discovery at this point in the proceeding because of the potential for a preliminary injunction hearing"), *with Dimension Data N. Am., Inc. v. NetStar-1, Inc.*, 226 F.R.D. 528, 531–32 (E.D.N.C. 2005) (denying motion to expedite discovery as "not reasonably timed" because the plaintiff "has yet to file a temporary restraining order or a motion for preliminary injunction").

As with *SmartSky*, this Motion is filed one day after Natera's Motion for PI, and Natera requested a hearing in its Motion for PI. Motion for PI at 2. Natera is timely requesting discovery so that it can incorporate the findings in its Reply brief and use the information learned at the preliminary injunction hearing. The timing factor thus weighs in favor of granting expedited discovery.

### 2. Natera's Requested Discovery Is Narrowly Tailored To The Issues Raised In The Motion For PI

Natera seeks permission to serve limited written discovery and a Rule 30(b)(6) deposition to obtain information that is directly related to the infringing RaDaR assay and the issues in the Motion for PI. *See* Exs. 1-3. Courts have routinely granted expedited discovery where, as here, the requested discovery is narrowly tailored and directed to the issues in the preliminary injunction. *See, e.g.*, *SmartSky*, 2020 WL 13043410 at *2 (granting the plaintiff's discovery requests that "are narrowly tailored to discover information relevant to its motion for preliminary injunction"); *Bojangles' Int'l*, 2017 WL 3065115 at *6 (permitting limited expedited discovery "for the purposes of a hearing on a preliminary injunction").

The written discovery Natera seeks to propound includes a limited number of narrow interrogatories and requests for production that seek non-public information and documents regarding the infringing features of the RaDaR assay, the scope of Defendant's ongoing infringing activities, and the harm caused by those infringing activities. *See* Ex. 1-2. Natera also seeks a corporate deposition on these same topics. *See* Ex. 3.

These topics go to the core of Natera's likelihood of proving infringement and the irreparable harm Natera will suffer if Defendant is not enjoined, both key factors in the preliminary injunction analysis. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The requested technical documents relating to the features of the RaDaR assay will reveal non-public details regarding the current commercial tests Defendant is using and selling as they are described in public publications. Documents and written responses regarding the number of RaDaR assays that have been manufactured, distributed, and sold, as well as Defendant's current and future commercial plans for RaDaR which are relevant to the extent of the irreparable injury Natera has sustained and will sustain if a preliminary injunction is not entered.

Responding to these discovery requests should not be burdensome to Defendant because it is familiar with the features and the commercial activities of its RaDaR assay. Nor should it be difficult for Defendant to collect the requested documents as Defendant has been on notice that RaDaR infringes the '454 Patent since at least as early as December 2022 when its corporate affiliate, Inivata, was sued for infringement of one of the same

5

patents asserted in this case.[1] To facilitate early discovery, Natera is willing to work with Defendant to agree to a reasonable protective order (like the one entered in the *Inivata* case)[2] to prevent disclosure of any information that Defendant claims to be confidential and/or proprietary.

Moreover, the discovery that Natera seeks is relevant to its patent infringement claims regardless of the outcome of the pending preliminary injunction motion and would therefore have to be produced shortly after a Rule 16 conference even if this motion is denied. "Discovery at this phase is therefore likely not only to crystallize the issues for the preliminary injunction hearing, but also will not be wasteful, because much of the information at issue would likely have been turned over anyway by Defendant[]." *Kone Corp. v. ThyssenKrupp USA, Inc.*, No. CIV.A. 11-465-LPS, 2011 WL 4478477, at *7 (D. Del. Sept. 26, 2011).

Because the requested information is narrowly tailored to the issues in Natera's Motion for PI, the second factor also weighs in favor of granting Natera's request for expedited discovery.

### 3. Natera Will Be Irreparably Harmed Without Expedited Discovery

As set forth in Natera's Motion for PI, the harm caused by Defendant's continued

---

[1] *Natera, Inc. v. Inivata, Inc. et al.*, 22-cv-1609-GBW, Dkt. No. 1 (D. Del. Dec. 20, 2022).

[2] Order entered on July 6, 203 in *Natera, Inc. v. Inivata, Inc. et al.*, 21-cv-00056-GBW (consolidated with 22-cv-1609-GBW).

infringing activities, be it losing business opportunities, losing market share and first-mover advantage, and sustaining reputational harm, is unquantifiable and cannot be undone. Without ascertaining the true extent of Defendant's infringing activities, Natera cannot determine the appropriate relief it needs to seek and what steps to take to prevent further harm. *See SmartSky*, 2020 WL 13043410 at *2 (finding there is good cause to permit expedited discovery because "there is a likelihood that SmartSky would be irreparably harmed in its pursuit of preliminary injunction" without obtaining "complete information").

It is imperative to conduct discovery now. There is no Rule 26(f) conference set in this case and, because the Motion for PI was filed one business day after the Complaint, it may take weeks, if not months, for a Rule 26(f) conference to be scheduled. Even if Natera were to seek this discovery immediately following the Rule 26(f) conference, it will take an additional few months to receive responses to written requests and hold meaningful depositions of Defendant. Similarly, discovery has not yet begun in the Delaware case in which the RaDaR assay is accused of infringing the asserted '454 Patent. Under the current schedule in the Delaware case, Natera will not be able to receive technical documents related to the infringing RaDaR assay until the end of October 2023, meanwhile allowing Defendant to continue to inflict further irreparable harm on Natera during these intervening months.

Because time is of the essence for Natera to determine the extent of Defendant's infringing activities and forestall any further irreparable harm, the last factor also weighs in favor of permitting expedited discovery.

7

## VI. CONCLUSION

Because each of the factors weighs in Natera's favor, the Court should grant Natera's request for expedited discovery.

Respectfully submitted this 1st day of August, 2023.

By: /s/ *Robert C. Van Arnam*
N.C. Bar No. 28838
Attorney for Plaintiff
WILLIAMS MULLEN
P.O. Drawer 1000
Raleigh, NC 27602-1000
Telephone: (919) 981-4055
Fax: (919) 981-4300
Email: rvanarnam@williamsmullen.com

Andrew R. Shores (N.C. Bar No. 46600)
WILLIAMS MULLEN
P.O. Drawer 1000
Raleigh, NC 27602-1000
Telephone: (919) 981-4015
Fax: (919) 981-4300
ashores@williamsmullen.com

Kevin P.B. Johnson*
Victoria F. Maroulis*
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
555 Twin Dolphin Shores, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
kevinjohnson@quinnemanuel.com
victoriamaroulis@quinnemanuel.com

Andrew M. Holmes*
Sam S. Stake*
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
50 California Street, 22nd Floor

8

San Francisco, CA 94111
(415) 875-6600
drewholmes@quinnemanuel.com
samstake@quinnemanuel.com

Sandra Haberny, Ph.D.*
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
sandrahaberny@quinnemanuel.com

*Counsel for Plaintiff Natera, Inc.*

*\*Special Appearance under Local Civil Rule 83.1(d)*

## CERTIFICATE OF WORD COUNT

The undersigned counsel hereby certifies that this brief complies with the word count limitations of Local Rule 7.3(d).

Dated: August 1, 2023

                                                          By: */s/ Robert C. Van Arnam*
Robert C. Van Arnam
N.C. Bar No. 28838
WILLIAMS MULLEN
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Tel: (919) 981-4000
rvanarnam@williamsmullen.com

*Counsel for Plaintiff Natera, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will give notice of such filing to all attorneys currently of record in the above-captioned case.

Dated: August 1, 2023

                                        By:   */s/ Robert C. Van Arnam*
Robert C. Van Arnam
N.C. Bar No. 28838
WILLIAMS MULLEN
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Tel: (919) 981-4000
rvanarnam@williamsmullen.com

*Counsel for Plaintiff Natera, Inc.*