IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NATERA, INC.,<br><br>                Plaintiff,<br>    v.<br><br>NEOGENOMICS LABORATORIES, INC.,<br><br>                Defendant. | C.A. No. 1:23-cv-629 |

**NATERA'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-7)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Natera, Inc. ("Natera"), hereby requests that NeoGenomics Laboratories, Inc. ("NeoGenomics") produce the following documents and things 20 days from the date of service of these Requests at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 555 Twin Dolphin Drive, Redwood Shores, CA 94065, or at another mutually agreed location. NeoGenomics shall supplement all responses to these Requests for Production as required by the Federal Rules of Civil Procedure.

## DEFINITIONS

1. "NeoGenomics" "You," and "Your" means collectively Defendant NeoGenomics, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and NeoGenomics affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by NeoGenomics, and all predecessors and successors in interest to such entities.

2. "This Lawsuit" refers to the above captioned matter.

3. "Claim" means any cause of action, legal claim, or legal right asserted by You in This Lawsuit.

4. "Natera" means Natera, Inc.

1

5. "Person" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, Including governmental bodies and agencies.

6. "Third Party" or "Third Parties" means any Person other than You or Natera.

7. "Asserted Patents" means U.S. Patent Nos. 11,530,454 and 11,519,035 and any other patent(s) that Natera asserts in this litigation.

8. "RaDaR Assay" means the RaDaR™ Minimal Residual Disease Assay, or any NeoGenomics products relating to or incorporating the use of personalized Minimal Residual Disease ("MRD") testing that are manufactured, distributed, used, offered for sale, or sold by NeoGenomics.

9. "Document" includes, without limitation, all written, graphic or otherwise recorded material, Including without limitation, microfilms or other film records or impressions, electronically stored information regardless of the form of storage medium, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, things, memoranda, books, records, accounts, Communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written Communications of any nature, recordings of conversations either in writings or upon any mechanical or electronic recording device, Including email, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone

bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, Including by the addition of handwritten notations or other written or printed matter of any nature, from the original. The foregoing specifically includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail.

10. "Communication" means, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand or question by any medium, whether by written, oral or other means, Including but not limited to, electronic communications and electronic mail.

11. "Thing" and "Things" shall be given the broadest possible construction under the Federal Rules of Civil Procedure, including software, prototypes, packaging and any other tangible item or physical object.

12. "Regarding" means regarding, relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, refuting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

13. "Identify" or "Identifying" in relation to a Person means to state his or her full name and: (a) present business address(es), position and business affiliation, and business telephone number; or, if current information is not known, (b) the last known business and home addresses, position and business affiliation, and business telephone

3

numbers. Once any Person has been identified properly, it shall be sufficient thereafter when Identifying that same Person to state the name only.

14. "Identify" or "Identifying" in relation to an entity means to state the entity's: (a) full name; (b) state of incorporation; (c) current or last known business address; and (d) current or last known telephone number. Once an entity has been identified properly, it shall be sufficient thereafter when Identifying that same entity to state the name only.

15. "Identify" or "Identifying" in relation to a Document means to state: (a) the date the Document was created; (b) the author of the Document; (c) the recipient of the Document; (d) any Person or entity receiving a copy of the Document by "cc," "bcc," or otherwise; (e) a basic description of the nature of the Document, Including, if applicable; (f) the title of the Document; and (g) whether the Document has been or is being produced in This Litigation, the Bates or identifier number affixed to the Document. Documents to be "identified" include Documents in Plaintiff's possession, custody, or control, Documents known by Plaintiff to have existed but no longer exist, and other Documents of which Plaintiff has knowledge or information.

16. "Identify" or "Identifying" in relation to a product or service means to state the product or service name, commercial or trade name, manufacturer, producer, or service provider, model or version number, part number, type, description, or any other representative designation.

17. "Identify" or "Identifying" in relation to a Communication means: (a) to state the date of the Communication; (b) to Identify all Documents Regarding such

Communications; (c) to describe the content and substance of the Communication; (d) to Identify the Persons who received or were involved in the Communication; and (e) to Identify the Person or Persons most knowledgeable about the Communication.

18. "Include" and "Including" shall mean including without limitation.

19. Use of the singular also Includes the plural and vice-versa.

20. The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Interrogatories.

21. The words "any," "all," "every," and "each" shall each mean and include the other.

22. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## **INSTRUCTIONS**

The following instructions shall apply to each of the Requests herein:

1. You are required not only to furnish Documents in Your possession, but also to furnish Documents that are in the possession of Your attorneys, investigators, anyone acting on Your behalf, or anyone under Your control. If You are not in possession of Documents responsive to any request, state so in writing in response to the request.

2. In the event that more than one copy of a Document exists, Defendant shall produce the original and each non-identical copy of each Document or other tangible Thing

requested herein that is in Defendant's possession, custody or control, or that of Defendant's agents, attorneys, accountants, employees or representatives.

3. If any Document is withheld based on a claim of attorney-client privilege, the work-product immunity, or any other applicable privilege or immunity, identify the privilege or immunity being claimed, the general subject matter of the withheld communication or Document, the date of its creation or preparation, and all persons who authored, are shown as copies on the Document, or who received the Document, or who were present when the communication was made. This shall take the form of a "privilege log."

4. You are instructed to produce the requested Documents as they are kept in the usual course of business or to produce Documents organized and labeled to correspond with the categories in these requests. In addition, a complete original or copy of each Document or Thing must be produced, even though only a portion of such Document or Thing is responsive to one of the numbered requests contained herein.

5. These requests shall be deemed continuing in nature and require further and supplemental production by You under Federal Rule of Civil Procedure 26(e) whenever You acquire or discover additional information or responsive Documents between the time of the initial production hereunder and the time of trial in this action. Should You obtain any other Documents or information that would supplement or modify the Documents or information supplied by You in response to this request, You are directed to give timely

notice of such Documents and information and to furnish the additional Documents or information to Natera without delay.

# REQUESTS FOR PRODUCTION

**REQUEST NO. 1.:**

Documents concerning the operation and use of the RaDaR Assay, including without limitation, specifications, protocols, standard operating procedures, technical manuals, user manuals, guides, white papers, and videos.

**REQUEST NO. 2.:**

Documents sufficient to show, in dollars and units, monthly sales of the RaDaR Assay.

**REQUEST NO. 3.:**

Documents and Communications You had with customers, prospective customers, users, and/or prospective users concerning any comparison, whether explicit or implicit, between the RaDaR Assay and any other minimal residual disease or molecular residual disease ("MRD") assay, including but not limited to, Signatera.

**REQUEST NO. 4.:**

Documents, Communications, and Things concerning performance and cost in the United States for any MRD assays, including the RaDaR assay and Signatera.

**REQUEST NO. 5.:**

Documents, Communications, and Things concerning the market or demand in the United States for any MRD assay, including the RaDaR Assay and Signatera.

**REQUEST NO. 6.:**

Documents and Communications concerning Medicare or other insurance coverage for the RaDaR Assay, including Documents and Communications concerning local or national Medicare coverage determinations for the RaDaR Assay and Documents and Communications concerning plans and efforts to seek Medicare and/or other insurance coverage for the RaDaR Assay.

**REQUEST NO. 7.:**

Documents and Communications you intend to rely upon or you contend evidence, if any, that Natera has not been and will not be irreparably harmed by the manufacture, use, sale, or offer to sell RaDaR Assay.

By: */s/ Robert C. Van Arnam*
Robert C. Van Arnam
N.C. Bar No. 28838
WILLIAMS MULLEN
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Tel: (919) 981-4000
rvanarnam@williamsmullen.com

*Counsel for Plaintiff Natera, Inc.*

OF COUNSEL:

Kevin P.B. Johnson
Victoria F. Maroulis
QUINN EMANUEL URQUHART
  &amp; SULLIVAN, LLP
555 Twin Dolphin Shores, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

Andrew M. Holmes
Sam S. Stake
QUINN EMANUEL URQUHART
  &amp; SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

Sandra Haberny, Ph.D.
QUINN EMANUEL URQUHART
  &amp; SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

August 1, 2023

10