IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NATERA, INC.,<br><br>                Plaintiff,<br>    v.<br><br>NEOGENOMICS LABORATORIES, INC.,<br><br>                Defendant. | C.A. No.1:23-cv-629 |

**NATERA'S FIRST SET OF INTERROGATORIES (NOS. 1-3)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Natera, Inc. ("Natera"), hereby requests that NeoGenomics Laboratories, Inc. ("NeoGenomics") respond to the following interrogatories in writing, under oath, and in accordance with the following instructions and definitions, within 20 days from the date of service thereof. NeoGenomics shall supplement all responses to these Interrogatories as required by the Federal Rules of Civil Procedure.

## DEFINITIONS

1. "NeoGenomics" "You," and "Your" means collectively Defendant NeoGenomics, and its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other Persons acting on behalf of any of the foregoing, and NeoGenomics affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by NeoGenomics, and all predecessors and successors in interest to such entities.

2. "This Lawsuit" refers to the above captioned matter.

3. "Claim" means any cause of action, legal claim, or legal right asserted by You in This Lawsuit.

4. "Natera" means Natera, Inc.

5. "Person" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, Including governmental bodies and agencies.

1

6. "Third Party" or "Third Parties" means any Person other than You or Natera.

7. "Asserted Patents" means U.S. Patent Nos. 11,530,454 and 11,519,035 and any other patent(s) that Natera asserts in this litigation.

8. "RaDaR Assay" means the RaDaR$^{TM}$ Minimal Residual Disease Assay, or any NeoGenomics products relating to or incorporating the use of personalized Minimal Residual Disease ("MRD") testing that are manufactured, distributed, used, offered for sale, or sold by NeoGenomics.

9. "Document" includes, without limitation, all written, graphic or otherwise recorded material, Including without limitation, microfilms or other film records or impressions, electronically stored information regardless of the form of storage medium, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, things, memoranda, books, records, accounts, Communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written Communications of any nature, recordings of conversations either in writings or upon any mechanical or electronic recording device, Including email, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, Including by the addition of handwritten notations or other written or printed matter of any

nature, from the original. The foregoing specifically Includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail.

10. "Communication" means, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand or question by any medium, whether by written, oral or other means, Including but not limited to, electronic communications and electronic mail.

11. "Regarding" means regarding, relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, refuting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

12. "Identify" or "Identifying" in relation to a Person means to state his or her full name and: (a) present business address(es), position and business affiliation, and business telephone number; or, if current information is not known, (b) the last known business and home addresses, position and business affiliation, and business telephone numbers. Once any Person has been identified properly, it shall be sufficient thereafter when Identifying that same Person to state the name only.

13. "Identify" or "Identifying" in relation to an entity means to state the entity's: (a) full name; (b) state of incorporation; (c) current or last known business address; and (d) current or last known telephone number. Once an entity has been identified properly, it shall be sufficient thereafter when Identifying that same entity to state the name only.

14. "Identify" or "Identifying" in relation to a Document means to state: (a) the date the Document was created; (b) the author of the Document; (c) the recipient of the Document; (d) any Person or entity receiving a copy of the Document by "cc," "bcc," or otherwise; (e) a basic description of the nature of the Document, Including, if applicable; (f) the title of the Document; and (g) whether the Document has been or is being produced in This Litigation, the Bates or identifier number affixed to the Document. Documents to be "identified" include Documents in Plaintiff's possession, custody, or control, Documents known by Plaintiff to have existed but no longer exist, and other Documents of which Plaintiff has knowledge or information.

15. "Identify" or "Identifying" in relation to a product or service means to state the product or service name, commercial or trade name, manufacturer, producer, or service provider, model or version number, part number, type, description, or any other representative designation.

16. "Identify" or "Identifying" in relation to a Communication means: (a) to state the date of the Communication; (b) to Identify all Documents Regarding such Communications; (c) to describe the content and substance of the Communication; (d) to Identify the Persons who received or were involved in the Communication; and (e) to Identify the Person or Persons most knowledgeable about the Communication.

17. "Include" and "Including" shall mean including without limitation.

18. Use of the singular also Includes the plural and vice-versa.

19. The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of these Interrogatories.

20. The words "any," "all," "every," and "each" shall each mean and include the other.

21. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## INSTRUCTIONS

The following instructions shall apply to each of the Interrogatories herein:

1. In answering the following Interrogatories, furnish all available information, Including information in the possession, custody, or control of You or any of Your attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and Persons under Your control, who have the best knowledge, not merely information known to You based on Your own personal knowledge. If You cannot fully respond to the following Interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of Interrogatories that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Interrogatories cannot be answered fully and completely; and state what knowledge, information or belief You have concerning the unanswered portion of any such Interrogatories.

2. If any information requested is claimed to be privileged or otherwise immune from discovery, please provide all information falling within the scope of the Interrogatory which is not privileged, and for each item of information contained in a document to which a claim of privilege is made, Identify such document with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

    a) the basis on which the privilege is claimed;

    b) the names and positions of the author of the information;

    c) the name and position of each individual or other Person to whom the information, or a copy thereof, was sent or otherwise disclosed;

    d) the date of the information;

    e) a description of any accompanying material transmitted with or attached to such information;

    f) the number of pages in such document or information; and

    g) whether any business or non-legal matter is contained or discussed in such information.

3. If Your response to a particular Interrogatory is a statement that You lack the ability to comply with that Interrogatory, You must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your possession, custody, or control, in which case the name and address of any Person or entity known or

believed by You to have possession, custody, or control of that information or category of information must be identified.

4. Your obligation to respond to these Interrogatories is continuing and its responses are to be supplemented to Include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

# INTERROGATORIES

**INTERROGATORY NO. 1.:**

Describe, for the RaDaR Assay (including each version of the RaDaR Assay), the workflow, including but not limited to sample preparation, amplification, and sequencing performed in the RaDaR Assay, number and selection of targeted loci for amplification and sequencing in the RaDaR Assay, and Identify persons with knowledge of the information included in Your response to this interrogatory.

**INTERROGATORY NO. 2.:**

Describe, for the RaDaR Assay (including each version of the RaDaR Assay), the date on which the RaDaR Assay was made available to the public in any form, and any changes to the RaDaR Assay from the date on which it was first made available to the public to present.

**INTERROGATORY NO. 3.:**

To the extent You contend that Natera has not been and will not be irreparably harmed by the manufacture, use, sale, or offer to sell RaDaR Assay, set forth in detail all facts and evidence in support thereof.

By: */s/ Robert C. Van Arnam*
Robert C. Van Arnam
N.C. Bar No. 28838
WILLIAMS MULLEN
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Tel: (919) 981-4000
rvanarnam@williamsmullen.com

*Counsel for Plaintiff Natera, Inc.*

OF COUNSEL:

Kevin P.B. Johnson
Victoria F. Maroulis
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
555 Twin Dolphin Shores, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

Andrew M. Holmes
Sam S. Stake
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

Sandra Haberny, Ph.D.
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

August 1, 2023