IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NATERA, INC. | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 1:23-cv-629 |
| NEOGENOMICS LABORATORIES, INC. | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) ) ) |

**NEOGENOMICS' REPLY IN SUPPORT OF TIME-SENSITIVE MOTION TO BRIEFLY EXTEND PRELIMINARY INJUNCTION SCHEDULE DUE TO PLAINTIFF'S FAILURE TO NARROW ASSERTED CLAIMS AND PROVIDE DISCOVERY**

Recent developments since the filing of this motion further demonstrate the real need for a limited extension of the current schedule. Not only does Natera concede that an extension of a week or two is warranted, over this past weekend Natera revealed that it is planning to submit multiple reply declarations and proposed a deposition period thereafter for NeoGenomics to depose the reply declarants. Ex. 1 (10.01.23 Email) at 3. The Court's current schedule never contemplated reply declarations from additional witnesses or their depositions, much less for the Court's consideration of such evidence.

NeoGenomics proposes a hearing the week of November 30 or better yet the week of December 11 to allow everything to be accomplished, as set forth further below. Natera has not shown or even argued that there has been any particular irreparable harm during the pendency of this motion or that would arise from the modest extension that is proposed.

1

In response to NeoGenomics' motion, Natera attempted to remedy its numerous and protracted shortcomings by: (1) finally narrowing its claims to six, (2) dropping its total refusal to state the substantive basis for its inventorship reshuffling based on alleged privilege even though it had already been ordered to respond, and (3) providing at least some answer to an interrogatory about the basis of its alleged harm from loss of pharma contracts that it had previously agreed to provide. As explained below, Natera's last-minute discovery responses (one received last night the other two days before) remain woefully inadequate.

Although the original discovery disputes are superseded by Natera's latest attempts to respond, Natera's allegation regarding NeoGenomics' meet and confer efforts warrants response. NeoGenomics has been meeting and conferring on these discovery issues over the last two months and Natera has delayed and disregarded Court orders and its own agreements. On the inventorship interrogatory, the Court already ordered Natera to provide the disputed information. NeoGenomics asked Natera again to respond before filing this motion and Natera stated it was standing on its privilege defense. *See* Ex. 2 (09.26.23 Email). On the pharma contract interrogatory, Natera violated its commitment to respond altogether, refused to provide the response promptly when confronted, and then failed to give a date certain during the parties' meet and confer last Wednesday. *Id.* Given it had already failed to respond after promising it would in the face of a motion, further conversation was futile. And on the claim narrowing, Natera failed to narrow its claims and indeed failed to identify claims at all. When its Court-Ordered response finally arrived it ultimately failed to reduce them. With NeoGenomics' back against the wall with the

2

current October 3 deposition deadline and October 10 opposition deadline, it was vital to submit forthwith this motion to extend the schedule.

As explained further below, the Court should grant the motion and extend the schedule.

I.     A SCHEDULE EXTENSION IS JUST

Natera's agreement to extend the schedule a "week or two" is a step in the right direction, but too little.

As an initial matter, as noted in NeoGenomics' motion, its counsel has a trial in Delaware starting November 13 with jury deliberation likely to extend to November 20 or more. *10X Genomics, Inc. et al v. Nanostring Technologies, Inc*., 1:21-cv-00653-MFK. The November 9 hearing is already a challenging schedule. And Thanksgiving is right after the *10x* trial.

In addition, on Saturday, September 30, Natera wrote NeoGenomics stating it was planning to file multiple reply declarations and that it would like to start a deposition phase for those reply declarants before Natera's reply. *See* Ex. 1 (10.01.23 Email) at 3. Although Natera had previously stated it was likely going to submit a reply invalidity declaration to respond to NeoGenomics' invalidity showing, it had never suggested that there would be multiple reply declarations that would warrant a deposition phase. Natera's solution is unfair and impractical. It is unreasonable to expect NeoGenomics to depose a series of reply declarants **before** receiving Natera's reply. Natera has not even specified how many different declarants there will be yet.

This Court's original schedule did not contemplate a reply declaration depositions phase and the schedule should be extended to accommodate that.[1]

## II.   NATERA'S ELEVENTH-HOUR EXPLAINATION OF ITS INVENTORSHIP POSITION IS THIN

This Court ordered Natera to explain the substantive basis for its gross reshuffling of inventors. Even after that Order, Natera refused to comply alleging "privilege" which it had not argued before. Now it has given at least some response. But that response, received last night, is superficial and Natera should be required to provide a more complete response or at least the parties should meet and confer further.

Natera's response is broad brush at best and does not identify any dates, documents, or support, much less specificity. If these supposed inventors contributed to the claims via experiments or data analysis as Natera vaguely suggests, Natera which submitted a correction of inventorship, must have the dates of that work and something more than the vague references in its supplemental response.

For Milan Banjevic, Natera states she was involved in "at least some multiplex PCR aspects of the claims." Ex. 3 (10.01.23 – Natera's Second Supp. R&O to Rog. 5) at 12. Which aspects of the claims? Natera's answer says she worked on "conceptualization and validation of the SNV identifications using computer-implemented data analysis." *Id*. That subject matter is not even in the claims. Likewise, with Allison Ryan, Natera says she was involved with "SNV identification using computer implemented data analysis, and

---

[1] NeoGenomics's counsel apologizes but it has a Federal Circuit appeal to argue the week of December 4 and the time to report conflicts to the Federal Circuit has passed.

4

PCR and sequencing aspects of the claimed inventions of the '035 Patent." *Id.* Again, Natera does not identify what "aspects" of the claims. And, for Zach Demko, Natera says "he contributed to conceptualization and troubleshooting of experiments and protocols for the claimed steps of the '035 Patent." *Id.* The first part is circular and empty—that is just saying he is an inventor because he is an inventor. And, on the second part, what troubleshooting that could make him an inventor?

### III. NATERA'S LOST CUSTOMERS RESPONSE IS THIN AND CONCLUSORY.

After agreeing in August to respond, and yet failing to provide any response with its September 25 answers, on Friday in the face of this motion, Natera finally attempted to respond to NeoGenomics's interrogatory designed to discover important information about Natera's supposed irreparable harm from lost pharma customers. For each NeoGenomics customer, Natera merely asserts in general terms that it had a relationship with that customer, that it bid for the business and that it would have gotten the business if not for NeoGenomics. But Natera does not identify who participated in such discussions, the dates of the interactions, or the identity of the documents that were exchanged. *See* ECF 71-3. Its responses on such an important topic are conclusory and insufficient. After all, Natera is apparently attempting to ask the Court to force NeoGenomics to halt work under its contracts with these ten customers.

## IV. CONCLUSION

For the foregoing reasons, as well as those stated in the Motion [D.I. 69], this Court should briefly extend the preliminary injunction schedule as follows:

October 30, 2023: Deadline for NeoGonomics' Opposition to PI Motion

November 20, 2023: Deadline for Natera's Reply Brief

November 30, 2023: Deadline for NeoGenomics to take reply depositions

Week of December 11, 2023: Hearing on PI Motion

Respectfully submitted this 2nd day of October, 2023.

                                        By: /s/ *John F. Morrow, Jr.*
Edward R. Reines*
Derek C. Walter*
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000
Fax: (650) 802-3100
edward.reines@weil.com
derek.walter@weil.com

John F. Morrow, Jr. (N.C. Bar No. 23382)
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: 336.721.3584
Facsimile: 336.733.8429
John.Morrow@wbd-us.com

*Counsel for Defendant NeoGenomics Laboratories, Inc.*

*Special Appearance under Local Civil Rule 83.1(d)*

# CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be served on counsel for the Plaintiff via email.

Dated: October 2, 2023

*/s/ John F. Morrow, Jr.*
Attorney (N.C. Bar No. 23382)
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 721-3584
Email: john.morrow@wbd-us.com

*Attorney for Defendant NeoGenomics Laboratories, Inc.*

8

Case 1:23-cv-00629-CCE-JLW   Document 75   Filed 10/02/23   Page 8 of 8