IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NATERA, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEOGENOMICS LABORATORIES, INC., <br><br> Defendant. | C.A. No. 1:23-cv-629 |

**PLAINTIFF NATERA'S MEMORANDUM OF LAW IN SUR-REPLY TO DEFENDANT NEOGENOMICS' "TIME-SENSITIVE AMENDED MOTION TO BRIEFLY EXTEND PRELIMINARY INJUNCTION SCHEDULE DUE TO PLAINTIFF'S FAILURE TO NARROW ASSERTED CLAIMS AND PROVIDE DISCOVERY" (DKT. 69)**

Natera must briefly respond to correct mischaracterizations in NeoGenomics's Reply. Natera does **not** concede that any extension is warranted and only agreed to a modest one- to two-week extension as a courtesy to NeoGenomics and as a way to avoid this dispute. NeoGenomics's Reply reflects that the basis for its Motion was that it could not meet the deadlines to which it previously agreed and that this Court carefully set. Once again, NeoGenomics did not meet and conf with Natera on the new schedule it proposes to the Court. For that reason alone, NeoGenomics' motion and request for an extension should be denied. L.R. 37.1; *Williams v. Williams*, No. 1:20-CV-904, 2021 WL 1341820, at *4 (M.D.N.C. Apr. 9, 2021).

NeoGenomics's further complaints about the sufficiency of Natera's discovery only underscore the ever-shifting nature of what discovery it is requesting. The interrogatories do not require the details NeoGenomics says are missing from Natera's responses. That is

1

evident by the interrogatories themselves, which Natera explained in its Opposition. Dkt. 71 at 4-5. Moreover, Natera offered Fed. R. Civ. P. 30(b)(6) witnesses to testify about the details of the inventorship and harm to pharmaceutical partnership issues, even though there is no indication whatsoever that Natera's inventorship correction failed to comply with the relevant statutory law. NeoGenomics unilaterally cancelled those depositions for no reason other than to buy itself more time. The Court need not cure this self-inflicted problem.

NeoGenomics also mischaracterizes Natera's position on reply declarations. While one or more reply declarations have always been a possibility, Natera could not have known, and still does not know, on which subjects and to what extent reply declarations will be necessary. Natera has not seen NeoGenomics's declarations or assessed the need to respond. Notwithstanding, Natera told NeoGenomics weeks ago that it may do so, and the parties even came to an agreement on hours limits for that reason. Natera raised it again to accommodate any reply declarations in any one- to two-week extension, or in the current schedule if it is not extended. Natera never suggested NeoGenomics should depose any witnesses before Natera files its Reply; Natera said it was willing to provide any declarations it may file to NeoGenomics in advance of the Reply, to give NeoGenomics a head start in preparing. That is more than reasonable, as NeoGenomics should only be examining any potential witnesses on what they say in their declarations in any event.

NeoGenomics's request to now move the hearing date by over a month is unwarranted and the grounds it alleges for that request are unsupported. When the parties were discussing a potential agreement to a one- to two-week extension (notably ***after***

NeoGenomics filed its motion requesting an extension without meeting and conferring), NeoGenomics never raised the conflicts it now seeks to use as an excuse. In fact, Natera understands that NeoGenomics' counsel called the Court and left a message with chambers seeking the Court's availability before Thanksgiving. Natera and its attorneys also have several trials between now and the end of January. The parties have known all along that they need to work around other cases and trials to ensure that the preliminary injunction motion is decided expediently.

Natera maintains its agreement to a one- to two-week extension if the Court is available, or if not, Natera respectfully requests that no extension be granted.

| | |
|---|---|
| October 2, 2023 | /s/ *Robert C. Van Arnam* <br> Robert C. Van Arnam (N.C. Bar No. 28838) <br> Andrew R. Shores (N.C. Bar No. 46600) <br> Williams Mullen <br> P.O. Drawer 1000 <br> Raleigh, NC 27602-1000 <br> Telephone: (919) 981-4015 <br> Fax: (919) 981-4300 <br> rvanarnam@williamsmullen.com <br> ashores@williamsmullen.com <br> calipio@williamsmullen.com |
| OF COUNSEL: | |
| Kevin P.B. Johnson* <br> Victoria F. Maroulis* <br> QUINN EMANUEL URQUHART <br>   &amp; SULLIVAN, LLP <br> 555 Twin Dolphin Shores, 5th Floor <br> Redwood Shores, CA 94065 <br> (650) 801-5000 | |
| Andrew M. Holmes <br> Sam S. Stake <br> Tara Srinivasan, Ph.D.* <br> QUINN EMANUEL URQUHART <br>   &amp; SULLIVAN, LLP <br> 50 California Street, 22nd Floor <br> San Francisco, CA 94111 <br> (415) 875-6600 | *Attorneys for Plaintiff Natera, Inc.* |

Sandra Haberny, Ph.D.*
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

*Special Appearance under Local Civil Rule 83.1(d)*

# CERTIFICATE OF WORD COUNT

The undersigned counsel hereby certifies that this brief complies with the word count limitations of Local Rule 7.3(d).

October 2, 2023

OF COUNSEL:

Kevin P.B. Johnson*
Victoria F. Maroulis*
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
555 Twin Dolphin Shores, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

Andrew M. Holmes
Sam S. Stake
Tara Srinivasan, Ph.D.*
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

Sandra Haberny, Ph.D.*
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

*Special Appearance under Local Civil Rule 83.1(d)

/s/ *Robert C. Van Arnam*
Robert C. Van Arnam (N.C. Bar No. 28838)
Andrew R. Shores (N.C. Bar No. 46600)
  Williams Mullen
P.O. Drawer 1000
Raleigh, NC 27602-1000
Telephone: (919) 981-4015
Fax: (919) 981-4300
rvanarnam@williamsmullen.com
ashores@williamsmullen.com
calipio@williamsmullen.com

*Attorneys for Plaintiff Natera, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be served via electronic mail on all counsel of record for Defendant.

Dated: October 2, 2023

/s/ *Robert C. Van Arnam*
Robert C. Van Arnam (N.C. Bar No. 28838)
Williams Mullen
P.O. Drawer 1000
Raleigh, NC 27602-1000
Telephone: (919) 981-4015
Fax: (919) 981-4300
rvanarnam@williamsmullen.com