IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NATERA, INC.,<br><br>           Plaintiff,<br><br>v.<br><br>NEOGENOMICS LABORATORIES, INC.,<br><br>           Defendant. | Case No. 1:23-cv-629-CCE-JLW |

**[PROPOSED] ORDER GRANTING
MOTION TO MODIFY AND/OR CLARIFY**

    This matter came before the Court on Defendant NeoGenomics Laboratories, Inc's ("NeoGenomics") Motion to Modify and/or Clarify the preliminary injunction pending resolution of appeal.

    Upon consideration of the motion and materials submitted by NeoGenomics and for good cause shown, the Court grants NeoGenomics's motion.

1

Accordingly, IT IS HEREBY ORDERED that NeoGenomics's Motion is **GRANTED.** The preliminary injunction order (of December 27, 2023) is modified and/or clarified as shown in the attached preliminary injunction.

This \_\_\_\_ day of _____, 202\_.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NATERA, INC.,

        Plaintiff,

        v.

NEOGENOMICS LABORATORIES, INC.,

        Defendant.

C.A. No. 1:23-CV-629

## [PROPOSED] MODIFIED PRELIMINARY INJUNCTION

Plaintiff Natera, Inc. moves for a preliminary injunction based on alleged infringement of two of its patents by defendant NeoGenomics Laboratories Inc. On consideration of the entire record, and as set forth in more detail in an order entered concurrently, the Court finds and concludes that Natera has demonstrated that it is likely to succeed on the merits of its claim. It is likely (1) NeoGenomics is infringing U.S. Patent No. 11,519,035 by making and selling the RaDaR assay, and NeoGenomics has not presented a substantial question of the validity of the asserted claims of the '035 patent; (2) Natera is substantially likely to suffer irreparable harm from NeoGenomics' ongoing infringement of the '035 patent; and (3) the balance of equities and the public interest favor protecting Natera and granting a preliminary injunction.

**IT IS HEREBY ORDERED**:

1. The Preliminary Injunction [Doc. 171] is withdrawn and replaced in its entirety with this Modified Preliminary Injunction.

2. Natera's Motion for a Preliminary Injunction, Doc. 5, is **GRANTED**.

3. NeoGenomics and its privies, subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and those acting or attempting to act in concert or participation with them, are **ENJOINED** from (1) using in the United States (a) the accused RaDaR assay ("the Accused Assay") or (b) any assay or product not more than colorably different from the Accused Assay whose use would infringe any asserted claim of U.S. Patent No. 11,519,035; and (2) promoting, advertising, marketing, servicing, distributing, or supplying the above Accused Assay for use in the United States so as to induce others' infringement of U.S. Patent No. 11,519,035.

4. Notwithstanding the foregoing, NeoGenomics may continue to use the Accused Assay:

   a. for those patients already using it before the entry of this injunction,

   b. in support of research and development with other persons or entities on projects or studies that began before the entry of this injunction, and

   c. for use in or in support of clinical trials in process or for which there is a protocol that was registered with clinicaltrial.gov or approved by an institutional review board prior to the entry of this injunction.

5. Notwithstanding the foregoing, clinical research, testing or monitoring of cancer patients using the Accused Assay pre-dating or allowed pursuant to this Order that is reported, published or presented in scientific publications or at scientific conferences is allowed.

6. Natera shall file a security in the amount of $400,000,000 pursuant to Fed. R. Civ. Proc. 65(c) no later than 8 days from the date of issuance of this Preliminary Injunction.

7. NeoGenomics **SHALL**, within 10 days from the date of issuance of this Preliminary Injunction, provide notice and a copy of this Preliminary Injunction to (1) each of its privies, subsidiaries, affiliates, officers, agents, servants, employees, and attorneys; and (2) any other person or entity acting or attempting to act in concert or participation with NeoGenomics with respect to any of the enjoined activities, such that above persons and entities are duly noticed and bound by this Order under Federal Rule of Civil Procedure 65(d)(2). NeoGenomics shall further provide proof of each such notice to this Court by filing proof of service within 14 days from the date of issuance of this Preliminary Injunction.

This the ___ day of _____ , 202_.

_____
UNITED STATES DISTRICT JUDGE