IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

<table>
<tr><td>NATERA, INC.,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Plaintiff,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>1:23-CV-629</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>NEOGENOMICS LABORATORIES,</td><td>)</td><td></td></tr>
<tr><td>INC.,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendant.</td><td>)</td><td></td></tr>
</table>

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, Chief District Judge.

This matter is before the Court on numerous motions to seal directed to evidence that either the plaintiff, Natera, Inc., or the defendant, NeoGenomics Laboratories, Inc., contends is confidential business information. The motions are granted in part and denied in part as reflected in the chart appended to this Order.

I.     **Public Notice**

Before sealing judicial records, the district court must give the public notice and a reasonable opportunity to challenge the request to seal. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Here, the public has had adequate notice of the motions to seal; the most recent motion, Doc. 195, has been on the docket since January 11, 2024, and the others have been docketed longer.[1] *See Mears v. Atl. Se. Airlines, Inc.*,

---

[1] After the Court denied Natera's first motion to seal, Doc. 15, as overbroad and unsupported by evidence, Natera filed a motion for reconsideration on February 20, 2024. *See* Doc. 219 (order denying motion to seal); Doc. 221 (motion for reconsideration). The Court granted the motion

No. 12-CV-613, 2014 WL 5018907, at *2 (E.D.N.C. Oct. 7, 2014) (holding that the filing

of a motion to seal provides adequate public notice and opportunity to be heard) (citing *In

re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). No objections have been filed.

## II.     Legal Standard

The public has a qualified right of access to judicial records. *Doe v. Pub. Citizen*,

749 F.3d 246, 265 (4th Cir. 2014) [*Doe I*]; *M.G.M. ex rel. Mabe v. Keurig Green

Mountain, Inc.*, No. 22-CV-36, 2022 WL 6170557, at *1 (M.D.N.C. Oct. 7, 2022).

"Documents filed with the court are judicial records if they play a role in the adjudicative

process or adjudicate substantive rights." *In re Application of the U.S. for an Ord.

Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (cleaned up)

[*2703(D) Order Application*].

The public right of access derives "from the First Amendment and the common-

law tradition that court proceedings are presumptively open to public scrutiny." *Doe I*,

749 F.3d at 265.  The common law presumes a right of access to all judicial records and

documents, but this presumption can be rebutted if "the public's right of access is

outweighed by competing interests." *Knight*, 743 F.2d at 235, *accord United States v.

Doe*, 962 F.3d 139, 145 (4th Cir. 2020) [*Doe II*].  The First Amendment right of access

extends only to particular judicial records and documents and can only be restricted if

there is a compelling governmental interest, *Doe I*, 749 F.3d at 266, or in limited

---

for reconsideration on March 18, Doc. 250, and will issue a ruling on the motion to seal at Doc.
15 in this Order.  The public has had plenty of time to consider the motion for reconsideration as
well as the others motions to seal.

circumstances, a compelling private interest. *See Fortson v. Garrison Prop. and Cas. Ins. Co.*, No. 19-CV-294, 2022 WL 824802, at *2 n.1 (M.D.N.C. Mar. 18, 2022); *Doe II*, 962 F.3d at 147–48. The compelling interest must be "narrowly tailored," and the moving party must present "specific reasons that justify restricting access to the information; conclusory assertions are not sufficient." *See Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 15-CV-274, 2017 WL 6001818, at *3 (M.D.N.C. Dec. 4, 2017) (cleaned up); *see also Doe I*, 749 F.3d at 270 (holding district court erred by relying on unsupported statements of potential reputational harm to moving party); *Wash. Post*, 386 F.3d at 575 (holding moving party must "present specific reasons in support of its position").

When a party asks to seal judicial records, the court "must determine the source of the right of access with respect to each document," and then "weigh the competing interests at stake." *Wash. Post*, 386 F.3d at 576 (cleaned up). The public right of access to documents filed in connection with a preliminary injunction motion stems from the First Amendment. *See, e.g., Bayer v. Cropscience Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 656 (M.D.N.C. Oct. 17, 2013); *RLI Ins. Co. v. Nexus Servs., Inc.*, No. 18-CV-66, 2018 WL 10602398, at *1 (W.D. Va. Oct. 30, 2018) (holding First Amendment access applies to "motion for preliminary injunction and its supporting memorandum, declarations, and exhibits"). Thus, a motion to seal must be supported by a compelling governmental or private interest that is narrowly tailored. *See* discussion *supra.* Additionally, there must be "a substantial probability that, in the absence of closure, the compelling interest will be harmed" and "no alternatives to closure will adequately protect the compelling interest." *Doe II*, 962 F.3d at 146 (cleaned up).

3

## III. Compelling Private Interest in Confidential Business Information

In the appropriate case, "[t]he interest in preserving the confidentiality of sensitive business information" can override the public's First Amendment right of access. *Warner v. Midland Funding, LLC*, No. 18-CV-727, 2021 WL 3432556, at *7 (M.D.N.C. Aug. 5, 2021); *Doe I*, 749 F.3d at 269 ("A corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records."); *see, e.g.*, *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 7-CV-275, 2011 WL 901958, at *2 (E.D.N.C. Mar. 15, 2011) (collecting cases); *Hutton v. Hydra-Tech, Inc.*, No. 14-CV-888, 2018 WL 1363842, at *9 (M.D.N.C. Mar. 15, 2018). The court may seal "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), including "confidential and proprietary commercial information" such as "highly sensitive financial and business information," *Silicon Knights*, 2011 WL 901958, at *2, so long as the requirements for sealing are met. *See* discussion *supra*, at 2–3.

Courts deciding motions to seal based on claims of confidential business information first decide "whether the party has shown that the information sought to be sealed is confidential." *Put Corp. v. R. J. Reynolds Tobacco Co.*, No. 22-CV-881, 2023 WL 3892482, at *2 (M.D.N.C. Jan. 9, 2023). If it has, the court evaluates whether disclosure would harm the party's competitive standing or otherwise harm its business interests; whether the motion is narrowly tailored; and whether the interests in non-disclosure are compelling and heavily outweigh the public's interest in access to the information. *See Willowood*, 2017 WL 6001818, at *3; *Sims v. BB&T Corp.*, No. 15-CV-

4

732, 2018 WL 3466945, at *2 (M.D.N.C. July 18, 2018). In weighing these competing interests, courts consider, among other things, whether the public needs access to the evidence or briefing to understand the case and the degree of harm that disclosure would likely cause. *See Willowood*, 2017 WL 6001818, at *3; *Huntley v. Crisco*, No. 18-CV-744, 2020 WL 9815384, at *2 (M.D.N.C. Sept. 25, 2020).

Factual findings are required before sealing. *See Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (requiring "specific reasons and factual findings supporting [a court's] decision to seal the documents and for rejecting the alternatives"); *Doe II*, 962 F.3d at 147. Courts need evidence to make these factual findings. "Statements in a brief are not evidence and are insufficient to justify a motion to seal, at least in the absence of a stipulation or joint representation by all parties which details the confidential nature of the information." *Adjabeng v. GlaxoSmithKline, LLC*, No. 12-CV-568, 2014 WL 459851, at *3 (M.D.N.C. Feb. 5, 2014) (collecting cases). And "claims of confidentiality cannot be made indiscriminately and without evidentiary support, even in patent cases where such claims are highly likely to be valid." *Id.* Courts do not guess about whether certain information is in fact confidential and proprietary or conjecture about how a party would be harmed by the disclosure of information. Parties are reminded of these requirements in the Local Rules, LR 5.4(c)(3), and the parties in this case were reminded again by court order. *See* Doc. 27 at ¶ 7(a).

Motions to seal must be narrowly tailored, and less drastic alternatives to sealing must not be available. *See Bayer*, 979 F. Supp. 2d at 657; *see also Doe I*, 749 F.3d at 268 (criticizing wholesale sealing of docket sheets as violative of public's right of access to

5

judicial proceedings). When a party seeks to seal by redaction only the confidential information contained within an exhibit, the request is narrowly tailored. *See, e.g.*, *Willowood*, 2017 WL 6001818, at *5 (finding narrow tailoring when information to be sealed included "only specific sales and pricing figures" rather than entire exhibits).

## IV. Application of Legal Standard

The documents the parties seek to seal are judicial records, as the Court considered them when deciding the motion for a preliminary injunction, the motion to stay the preliminary injunction, and the motion to modify the injunction. *See 2703(D) Order Application*, 707 F.3d at 290. To the extent that the Court did not rely on a paragraph or section of the document, that paragraph is not a part of the judicial record, and the Court will not require its unsealing.

As to the motions to seal directed to parts of briefs and pieces of evidence submitted in connection with the motion for preliminary injunction, Doc. 5; the motion to stay the preliminary injunction, Doc. 176; and the motion to modify the preliminary injunction, Doc. 178, the public has a First Amendment right of access.[2] As to the motions to seal parts of briefs and evidence submitted in connection with the motions at

---

[2] Motions to seal have been filed directed to NeoGenomics' brief in opposition to the preliminary injunction, Doc. 89, as well as toward exhibits attached to both parties' briefing on the preliminary injunction motion. *See* Doc. 15; Doc. 105; Doc. 142; *see also* Doc. 250 (order granting motion to reconsider the motion to seal at Doc. 15). NeoGenomics and Natera also seek to seal additional attachments related to NeoGenomics' motion to stay the injunction, Doc. 176, and motion to modify the injunction, Doc. 178. *See* Doc. 180; Doc. 187; Doc. 191; Doc. 195.

Doc. 66, NeoGenomics' motion for a time extension, and Doc. 137, NeoGenomics' motion to bind Natera to a conception date, the common law right of access applies.[3]

## V.      Results

The Court has applied the appropriate standards and taken into account the public interest in access to court records. Because of the number of items to rule on, for clarity the Court rules on the motions in the Appendix, in chart form.

The motions to seal will be granted in large part. As to all evidence and references to evidence sealed by this Order, the Court finds that:

1. The moving party has shown that the evidence is confidential business information about prices, contracts, studies and clinical trials in process or in design, clinical partners, or financial data, and it has shown that disclosure would harm its business and competitive interests.

2. Its requests were narrowly tailored to limited and discrete pieces of evidence.

3. For all materials subject to the First Amendment right of access, the parties have shown a compelling interest in confidentiality, there is a substantial probability of harm in the absence of sealing, and there are no alternatives to sealing that would adequately protect that interest.

---

[3] Motions to seal have been filed directed to Doc. 71-3, an exhibit attached to Natera's brief in opposition to the motion at Doc. 66, *see* Doc. 72 (motion to seal document at Doc. 71-3), and to portions of Natera's brief at Doc. 152, corrected at Doc. 155, submitted in opposition to NeoGenomics' motion at Doc. 137. *See* Doc. 244 at 13.

For all materials subject to the common law right of access, the
interest in confidentiality of business information heavily outweighs
the public interest.

There are some pieces of evidence and references to evidence as to which the
motion to seal will be denied. In some instances, the Court was not satisfied that the
evidence adequately showed that the designated material was truly confidential or that the
designating party would be harmed by its disclosure or both. Some of the requests were
not narrowly tailored, making overbroad requests to seal confidential and non-
confidential information; for those, the Court either denied the motion to seal or, where it
was not too complicated, the Court denied the motion in part and authorized sealing only
as to the confidential information. As to each piece of evidence or briefing referenced, a
short explanation is given in the Appendix.

## V.    Correcting the Record

Ordinarily the Court directs the Clerk to unseal materials when the Court denies a
motion to seal. Here, however, the Court has granted motions in part, some of the
motions have been withdrawn in part, and the parties are in a better position to remove
the redactions of the material no longer under seal. The parties shall discuss the best way
to do this with the Court Services Supervisor and shall present a plan to the Court within
10 business days.

It is **ORDERED** that:

1. The motion to seal, Doc. 15 is **GRANTED in part and DENIED in part**
   as shown on the attached chart.

8

2. The motion to seal, Doc. 72, is **GRANTED in part and DENIED in part** as shown on the attached chart.

3. The motion to seal, Doc. 105, is **GRANTED in part and DENIED in part** as shown on the attached chart.

4. The motion to seal, Doc. 142, is **GRANTED in part and DENIED in part** as shown on the attached chart.

5. The motion to seal, Doc. 180, is **GRANTED in part and DENIED in part** as shown on the attached chart.

6. The motion to seal, Doc. 187, is **GRANTED** as shown on the attached chart.

7. The motion to seal, Doc. 191, is **GRANTED** as shown on the attached chart.

8. The motion to seal, Doc. 195, is **GRANTED** as shown on the attached chart.

9. The parties shall consult with the Court Services Supervisor in the Clerk's office and then present a plan to the Court by April 18, 2024, for submitting the various documents making public those matters as to which the motions to seal have been denied or withdrawn.

This the 4th day of April, 2024.

UNITED STATES DISTRICT JUDGE

**Appendix**

| Motive to Seal: Doc. 15 | | | | |
|---|---|---|---|---|
| **Supporting Declarations to Plaintiff's Motion for Preliminary Injunction (Doc. 5)** | | | | |
| **Public Doc.** | **Sealed Doc.** | **Description** | **Designating Party** | **Ruling** |
| Doc. 13 Redacted | Doc. 17 | Declaration of Dr. Michael Metzker | Natera | Granted as to designated sentence in ¶ 138, as shown in Doc. 224. |
| Doc. 221-1 Narrowed Redactions | Doc. 224 Showing Narrowed Redactions | | | Otherwise withdrawn, per Doc. 221. *See* Doc. 244 at 3. |
| Doc. 14 Redacted | Doc. 18 | Declaration of Solomon Moshkevich | Natera | Granted as to designated material in ¶¶ 8, 11, 12, 13, 15, as shown in Doc. 225. |
| Doc. 221-2 Narrowed Redactions | Doc. 225 Showing Narrowed Redactions | | | Denied as to "significantly higher" in ¶ 14, as that statement is obvious from context, but granted as to other designated material in ¶ 14. As the "significantly higher" characterization was of no real import to the motion for preliminary injunction by itself, the Court will not require unsealing, which would further complicate the docket to no benefit. |

Motion to Seal: Doc. 15
Supporting Declarations to
Plaintiff's Motion for Preliminary Injunction (Doc. 5)

| Public Doc. | Sealed Doc. | Description | Designating Party | Ruling |
|---|---|---|---|---|
| | | | | |
| Doc. 14-6 Entirely Under Seal | Doc. 18-6 | Exhibit F – Email Chain Dated 2023-06-21 re NeoGenomics – RaDaR Order Form Discussion | Natera | Otherwise withdrawn per Doc. 221. *See* Doc. 244 at 3.<br><br>Granted as to designated material as shown in Doc. 225-1. |
| Doc. 221-3 Redacted | Doc. 225-1 Showing Narrowed Redactions | | | Otherwise withdrawn, per Doc. 221. *See* Doc. 244 at 3. |

*********

Motion to Seal: Doc. 72

**Defendant's Time Sensitive Amended Motion to Briefly Extend Preliminary Injunction Schedule Due to Plaintiff's Failure to Narrow Asserted Claims and Provide Discovery (Doc. 66)**

| Public Doc. | Sealed Doc. | Description | Designating Party | Ruling |
|---|---|---|---|---|
| Doc. 71-3 Redacted | Doc. 74 | Exhibit 3 – Plaintiff's First Supp. Responses and Objections to Defendant's ROG 2 | Natera | Denied as to the designations on ECF pages 8–9.[1] There is nothing confidential in the question. |
| Doc. 240 Redacted | Doc. 241 Showing Narrowed Redactions | | | Denied as to the designations in the paragraph on page 10 beginning "In addition" to "away from Signatera to RaDaR." Not confidential, no harm from disclosure. |
| | | | | Granted as to other designations on page 10 through page 15. |
| | | | | Otherwise withdrawn per Doc. 244 at 13 |

\*\*\*\*\*\*\*\*\*

---

[1] All pagination is that appended by the CM-ECF system, unless specifically noted otherwise.

3

**Motion to Seal: Doc. 105**

**Defendant's Opposition to**

**Plaintiff's Motion for Preliminary Injunction (Doc. 89)**

| Public Doc. | Sealed Doc. | Description | Designating Party | Ruling |
|---|---|---|---|---|
| Doc. 89 Redacted | Doc. 107 | NeoGenomics' Opposition to Natera's Motion for Preliminary Injunction | Natera and NeoGenomics | **Natera's Designations:** Denied as to page 7. Inadequate showing of confidentiality. Motions to seal are not there to keep evidence a party does not like off the public record. |
| | | | | Denied as to page 13. The cited information comes from sections of Mr. Moshkevich's declaration, Doc. 18 at ¶ 16, and Dr. Malani's deposition, Doc. 108-7, that are not subject to a motion to seal. *See supra*, at 1–2; Doc. 225 (updated Mr. Moshkevich declaration); Doc. 233 (updated Dr. Malani deposition). |
| | | | | Denied as to pages 16 and 17 as the briefing cites the Dr. Brian Van Ness declaration which is not subject to a motion to seal and the Dr. Bernhard Zimmerman deposition where the motion to seal was withdrawn. *See* Doc. 244 at 6 (withdrawing Natera's motion to seal Doc. 116, Dr. Van Ness declaration, in its entirety); Doc. 237 (revised requested redactions for Dr. Zimmerman |

| Motion to Seal: Doc. 105 Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction (Doc. 89) | | | | |
|---|---|---|---|---|
| Public Doc. | Sealed Doc. | Description | Designating Party | Ruling |
| | | | | deposition). |
| | | | | Denied as to page 18. Not confidential. |
| | | | | Denied as to page 20. Briefing cites Dr. Malani deposition testimony no longer subject to motion to seal, per Doc. 233. |
| | | | | Granted as to designation on page 21 as to the request for the "lost contract" material. Otherwise denied; reference to "good report" not confidential. |
| | | | | Denied as to designation on page 23. Not confidential and cites Dr. Malani deposition testimony no longer subject to motion to seal, per Doc. 233. |
| | | | | Denied as to designation on page 24 in carryover paragraph. Not confidential and cites Dr. Malani deposition testimony no longer subject to motion to seal, per Doc. 233. |

6

| | | | | Motion to Seal: Doc. 105 |
| | | | | Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction (Doc. 89) |
| Public Doc. | Sealed Doc. | Description | Designating Party | Ruling |
|---|---|---|---|---|
| | | | | Denied as to designations in text on page 24, last line, through page 25, end of carryover paragraph. General information not confidential, inadequate showing of harm; cites Dr. Malani deposition testimony no longer subject to motion to seal, per Doc. 233. |
| | | | | Granted as to footnote on page 24. |
| | | | | Granted as to remaining designations on page 25. |
| | | | | Granted as to designations on page 26. |
| | | | | Denied as to designations on page 29. Cites Dr. Malani deposition testimony no longer subject to motion to seal, per Doc. 233. |
| | | | | **NeoGenomics' Designations:** Granted as to designations on pages 6, 28, and 30. |
| | | | | Denied as to designations on page 11, as overbroad or not confidential. |

| | Motion to Seal: Doc. 105 | | | |
|---|---|---|---|---|
| | Plaintiff's Motion for Preliminary Injunction (Doc. 89) | | | |
| | | | Defendant's Opposition to | |
| **Public Doc.** | **Sealed Doc.** | **Description** | **Designating Party** | **Ruling** |
| Doc. 90-6[2] Entirely Under Seal | Doc. 108-6 | Exhibit 6 – Deposition Transcript of Solomon Moshkevich | Natera | See ruling on duplicate document at Doc. 120-11. *See* Doc. 244 at 4. |
| Doc. 90-7 Entirely Under Seal | Doc. 108-7 | Exhibit 7 – Deposition Transcript of Dr. Anup Malani | Natera | See ruling on duplicate document at Doc. 122-1. *See* Doc. 244 at 4. |
| Doc. 90-10 Entirely Under Seal | Doc. 108-10 | Exhibit 10 – Deposition Transcript of Dr. Bernhard Zimmermann | Natera | See ruling on duplicate document at Doc 144-4. *See* Doc. 244 at 4. |
| Doc. 90-11 Entirely Under Seal | Doc. 108-11 | Exhibit 11 – Natera Email | Natera | Withdrawn per Doc. 244 at 5. |
| Doc. 90-12 Entirely | Doc. 108-12 | Exhibit 12 – NeoGenomics Email | NeoGenomics | Denied. Overbroad and inadequate showing of confidentiality and harm. |

[2] According to Natera, Doc. 90-6, Doc. 90-7, and Doc. 90-10 are all excerpts of full deposition transcripts for Natera witnesses. *See* Doc. 244 at 4. Because Natera has submitted new, narrowed redacted versions of the full transcripts, the Court will evaluate the motion to seal these new versions.

Motion to Seal: Doc. 105

Plaintiff's Motion for Defendant's Opposition to Preliminary Injunction (Doc. 89)

Under Seal

| Public Doc. | Sealed Doc. | Description | Designating Party | Ruling |
|---|---|---|---|---|
| Doc. 91-5 Entirely Under Seal | Doc. 109-4 | Exhibit 19 – Plaintiff's First Supp. Responses and Objections to Defendant's ROG 2 | Natera | *See* ruling *supra*, at 3 on Doc. 71-3. |
| Doc. 240 Redacted | Doc. 241 Showing Narrowed Redactions | | | Denied as to the designations on pages 8–9. There is nothing confidential in the question. Denied as to the designations in the paragraph on page 10 beginning "In addition" to "away from Signatera to RaDaR." Not confidential, no harm from disclosure. Granted as to other designations on page 10 through page 15. Otherwise withdrawn per Doc. 244 at 5. |
| Doc. 93-2 Entirely Under Seal | Doc. 111-2 | Exhibit 22 – Natera Presentation | Natera | Granted. |
| Doc. 93-3 Entirely Under Seal | Doc. 111-3 | Exhibit 23 – Natera Presentation | Natera | Granted. |
| Doc. 93-8 | Doc. 111-8 | Exhibit 28 – | NeoGenomics | Granted. |

**Motion to Seal: Doc. 105**

**Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction (Doc. 89)**

| Public Doc. | Sealed Doc. | Description | Designating Party | Ruling |
|---|---|---|---|---|
| Entirely Under Seal | | Oncologist Letter regarding RaDaR Use | Natera[3] and NeoGenomics | Denied as to designated material in ¶¶ 21–25, 48, 49, 50, 51. Inadequate showing of why this is confidential or of harm. Or is otherwise already public. |
| Doc. 94, 95, 96 Redacted (identical copies of the same declaration) | Doc. 112, 113, 114, 115 (identical copies of the same declaration) | Declaration of Vishal Sikri ISO Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction | | Denied as to designated material in ¶ 42. Designation overbroad. When document is refiled, only dollar amounts can be redacted. Granted as to designated material in ¶¶ 28, 30–34, 36, 37, 39, 44, 46, 47. |
| Doc. 94-7 Entirely Under Seal | Doc. 112-7 | Exhibit 7 – FDA Letter granting Breakthrough Device Designation to RaDaR | NeoGenomics | Granted. |

[3] It does not appear that Mr. Sikri's declaration contains any Natera confidential information. Natera affirmatively withdraws any motion to seal any information in this affidavit. *See* Doc. 244 at 6.

**Motion to Seal: Doc. 105**

**Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction (Doc. 89)**

| Public Doc. | Sealed Doc. | Description | Designating Party | Ruling |
|---|---|---|---|---|
| Doc. 96-3 Entirely Under Seal | Doc. 113-8 | Exhibit 18 – NeoGenomics Presentation | NeoGenomics | Granted. |
| Doc. 96-17 Entirely Under Seal | Doc. 115-12 | Exhibit 32 – Oncologist Letter Regarding RaDaR Use | NeoGenomics | Granted.<br><br>This is the same letter filed at Doc. 111-8. *See supra*, page 8–9 (granting motion to seal Doc. 111-8). |
| Doc. 97, 98, 99 Redacted | Doc. 116, 117, 118 | Declaration of Dr. Brian Van Ness ISO Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction | Natera | Withdrawn per Doc. 244 at 6. |
| Doc. 98-14 | Doc. 117-15 | Exhibit 35 – Deposition Transcript of Dr. Bernhard Zimmermann | Natera | See ruling on document at Doc. 144-4. *See* Doc. 244 at 7. |
| Doc. 100, 101, 102, | Doc. 119, 120, 121, | Declaration of James Malackowski ISO | Natera and NeoGenomics | **Natera's Designations:** Granted as to designations highlighted in yellow in |

Motion to Seal: Doc. 105

Plaintiff's Motion for Preliminary Injunction to
Defendant's Opposition to
Plaintiff's Motion for Preliminary Injunction (Doc. 89)

| Public Doc. | Sealed Doc. | Description | Designating Party | Ruling |
|---|---|---|---|---|
| 103, 104 Redacted (identical copies of the same declaration) | 122, 123, 124 (identical copies of the same declaration) | Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction | | ¶¶ 12, 13, 31, 55, 61, 62, 68, 69, footnote 170, ¶¶ 72, 78–81, 90, 93, 105, 106, 119.<br><br>Denied as to ¶¶ 56, 59, 65, 66, 67, 83. Not confidential or inadequate showing of harm.<br><br>Denied as to footnotes 114, 129, and 246. Natera's narrowed redactions do not include the underlying cited information in these footnotes from Dr. Malani's deposition. Not confidential or inadequate showing of harm.<br><br>**NeoGenomics' Designations:** Granted as to designations highlighted in green in ¶¶ 72, 98, 99, 102, 103, 106, 109, 110, 118, and footnote 236.<br><br>Denied as to designation highlighted in green in footnote 20 on page 12. Disclosed in other public filings and not confidential. |

**Motion to Seal: Doc. 105**

**Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction (Doc. 89)**

| Public Doc. | Sealed Doc. | Description | Designating Party | Ruling |
|---|---|---|---|---|
| Doc. 100-3 Entirely Under Seal | Doc. 119-3 Doc. 235 Showing Narrowed Redactions | Exhibit 3 – Defendant's First Supp. Responses and Objections to Plaintiff's ROGs 3 & 6 | NeoGenomics and Natera | **Natera's Designations:** Granted as to Natera's designated material on page 17 (internal pagination in Doc. 235). **NeoGenomics' Designations:** Denied as to the rest of the document as designated by NeoGenomics. Overbroad designation. Not narrowly tailored. Full of information that is not confidential. Inadequate showing of confidentiality or harm. |
| Doc. 100-4 Entirely Under Seal | Doc. 119-4 | Exhibit 4 – Natera License Agreement | Natera | Granted. |
| Doc. 102-2 Entirely Under Seal | Doc. 120-7 | Exhibit 27 – Natera Development and Supply Agreement | Natera | Granted. |
| Doc. 102-3 Entirely Under Seal | Doc. 120-8 | Exhibit 28 – Natera License, Development, and Distribution Agreement | Natera | Granted. |
| Doc. 102-4 | Doc. 120-9 | Exhibit 29 – Natera | Natera | Granted. |

Motion to Seal: Doc. 105

Defendant's Opposition to
Plaintiff's Motion for Preliminary Injunction (Doc. 89)

| Public Doc. | Sealed Doc. | Description | Designating Party | Ruling |
|---|---|---|---|---|
| Entirely Under Seal | | License Agreement | | |
| Doc. 102-5 Entirely Under Seal | Doc. 120-10 | Exhibit 30 – Natera License and Collaboration Agreement | Natera | Granted. |
| Doc. 102-6 Entirely Under Seal | Doc. 120-11 | Exhibit 31 – Natera | Natera | Granted as to designations in Doc. 234 on pages 5–7, 55–56, 68–77, 80–129, 131–156 to and including line 6; page 162 through page 175, line 4. |
| | Doc. 234 Showing Narrowed Redactions | Deposition Transcript of Solomon Moshkevich | | Denied as to page 156, line 7 through page 157, line 19; page 158, line 7 through page 160, line 12; page 175, line 5 through page 177, line 4. Inadequate showing of confidentiality and of harm. Otherwise withdrawn per Doc. 234. *See* Doc. 244 at 9. |
| Doc. 102-19 Entirely Under Seal | Doc. 122-1 | Exhibit 44 – Deposition Transcript of Dr. Anup Malani | Natera | Granted as to designations on pages 4, 54–55, 59–70. |
| | Doc. 233 Showing | | | Otherwise withdrawn per Doc. 233. *See* Doc. 244 |

13

## Motion to Seal: Doc. 105
### Defendant's Opposition to
### Plaintiff's Motion for Preliminary Injunction (Doc. 89)

| Public Doc. | Sealed Doc. | Description | Designating Party | Ruling |
|---|---|---|---|---|
| | Narrowed Redactions | | | at 9. |
| Doc. 103-4 Entirely Under Seal | Doc. 123-3 | Exhibit 48 – Natera Presentation | Natera | Granted. |
| Doc. 103-5 Entirely Under Seal | Doc. 123-4 | Exhibit 49 – Natera Presentation | Natera | Granted. |
| Doc. 103-8 Entirely Under Seal | Doc. 123-7 | Exhibit 52 – Natera Presentation | Natera | Granted. |
| Doc. 104-7 Entirely Under Seal | Doc. 124-7 | Exhibit 62 – Oncologist Letter Regarding RaDaR Use | NeoGenomics | Granted. This is the same letter filed at Doc. 111-8 and Doc. 115-12. *See supra,* page 8–9 (granting motion to seal Doc. 111-8); page 10 (granting motion to seal Doc. 115-12). |

*********

14

**Motion to Seal: Doc. 142[4]**

**Plaintiff's Reply in Support of**
**Motion for Preliminary Injunction (Doc. 139)**

| Public Doc. | Sealed Doc. | Description | Designating Party | Ruling |
|---|---|---|---|---|
| Doc. 139 Redacted | Doc. 144 | Reply in Support of Motion for Preliminary Injunction | Natera and NeoGenomics | **Natera's Designations:** Natera withdrew its motion to seal portions of this document. *See* Doc 244 at 10.<br><br>**NeoGenomics' Designations:** Denied as to pages 2, 6, 9–10, 15, 16, 18, 19. Overbroad, inadequate showing of confidentiality and/or harm, minimal interests in sealing do not outweigh public interest. |
| Doc. 139-1 Entirely Under Seal | Doc. 144-1 | Exhibit 1 – NAT-NEO-00884440 | Natera | Granted as to page 17 only as to the name of the customer, otherwise overbroad, inadequate showing of confidentiality and harm, minimal interest in sealing does not outweigh public interest.<br><br>Granted, as narrowed by Natera in Doc. 243. *See* Doc. 244 at 10. |

---

[4] Natera partially withdrew this motion in December 2023. *See* Doc. 166. In February 2024, Natera narrowed and withdrew more of its original requests. *See, e.g.*, Doc. 244 at 10.

## Motion to Seal: Doc. 142[4]

## Plaintiff's Reply in Support of

## Motion for Preliminary Injunction (Doc. 139)

| Public Doc. | Sealed Doc. | Description | Designating Party | Ruling |
|---|---|---|---|---|
| Doc. 242 Narrowed Redactions | Doc. 243 Showing Narrowed Redactions | | | |
| Doc. 139-2 Entirely Under Seal | Doc. 144-2 | Exhibit 2 – NAT-NEO-00574046 | Natera | Granted. |
| Doc. 139-3 Entirely Under Seal | Doc. 144-3 | Exhibit 3 – NAT-NEO-00774804 | Natera | Granted. |
| Doc. 139-4 Entirely Under Seal | Doc. 144-4 | Exhibit 4 – Dr. Bernhard Zimmerman Deposition Transcript | Natera | Granted as to designations on pages 6–7, 36, 38–39, 50–52, 62–63, 68, 72–75, 77–78, 80–81, 85, page 102 starting with line 21 through page 103, page 107 line 13 through 110 line 13; pages 112–114, 118–125.

Denied page 102 lines 3–20; page 104 through first line on page 107; page 110 line 24 through page 111, line 11. Not confidential and inadequate showing of harm. |
| Doc. 236 Narrowed Redactions | Doc. 237 Showing Narrowed Redactions | | | |

16

## Motion to Seal: Doc. 142†
## Plaintiff's Reply in Support of
## Motion for Preliminary Injunction (Doc. 139)

| Public Doc. | Sealed Doc. | Description | Designating Party | Ruling |
|---|---|---|---|---|
| | | | | Otherwise withdrawn per Doc. 237. See Doc. 244 at 11. |
| Doc. 139-5 Entirely Under Seal | Doc. 144-5 | Exhibit 5 – James Malackowski Deposition Transcript | Natera | Granted as to pages 105–113. |
| | Doc. 232 Showing Narrowed Redactions | | | Otherwise withdrawn per Doc 232. See Doc. 244 at 11. |
| Doc. 139-6 Entirely Under Seal | Doc. 144-6 | Exhibit 6 – Defendant's First Supp. Responses and Objections to Plaintiff's ROGs 3 & 6 | Natera | Granted as to designated material on page 17 (internal pagination in Doc. 235). See supra, at 12. |
| | Doc. 235 Showing Narrowed Redactions | | | Otherwise withdrawn per Doc. 235. See Doc. 244 at 11. |
| Doc. 139-7 Entirely Under Seal | Doc. 144-7 | Exhibit 7 – Vishal Sikri Deposition Transcript | Natera | Withdrawn by Natera. Doc. 244 at 11. |
| Doc. 139-8 Entirely Under Seal | Doc. 144-8 | Exhibit 8 – Email | Natera | Natera withdrew this request, Doc. 166 at 5, and the Court previously ordered that Doc. 139-8 be unsealed. See Doc. 198 at 1. |

17

\*\*\*\*\*\*\*\*

## Motion to Seal: Doc. 142

### Plaintiff's Declaration of Dr. Michael Metzker in Support of Reply in Support of Motion for Preliminary Injunction (Doc. 141)

| Public Doc. | Sealed Doc. | Description | Designating Party | Ruling |
|---|---|---|---|---|
| Doc. 141 Redacted | Doc. 145 | Declaration of Dr. Michael Metzker | Natera | Withdrawn by Natera. Doc. 244 at 12. |
| Doc. 141-1 Entirely Under Seal | Doc. 145-1 | Exhibit 1 – Dr. Brian Van Ness Deposition Transcript | Natera | Granted as to designations on pages 6, 31, 47–49.<br><br>Otherwise withdrawn, per Doc. 231. Doc. 244 at 12. |
| | Doc. 231 Showing Narrowed Redactions | | | |

\*\*\*\*\*\*\*\*\*

18

## Motion to Seal: Doc. 142

### NeoGenomics Motion to Bind Natera to Inception Date (Doc. 137)

| Public Doc. | Sealed Doc. | Description | Designating Party | Ruling |
|---|---|---|---|---|
| Doc. 155[5] Redacted | Doc. 153 | Natera's Memorandum in Opposition[6] | Natera | Granted as to designation on page 23. |
| Doc. 238 Narrowed Redactions | Doc. 239 Showing Narrowed Redactions | | | Otherwise withdrawn per Doc. 244 at 13. |

\*\*\*\*\*\*\*\*

---

[5] Doc. 155 is corrected version of Doc. 152.

[6] Natera asked to include its memorandum in opposition to NeoGenomics' motion to bind Natera to a specific inception date as part of Natera's motion to seal filed at Doc. 142. *See* Doc. 155 at 3. The Court will consider Doc. 155 with narrowed redactions at Doc. 238 as part of the motion filed at Doc. 142. Going forward, the parties must make sure that all the material they seek to seal is specifically covered by a motion.

19

## Motion to Seal: Doc. 180

### Defendant's Memorandum in Support of
### Motion to Stay the Preliminary Injunction (Doc. 177)

| Public Doc. | Sealed Doc. | Description | Designating Party | Ruling |
|---|---|---|---|---|
| Doc. 177 Redacted | Doc. 182 | Memorandum in Support of Motion to Stay | NeoGenomics | Granted as to the designation on page 8 only as to the dollar amount; otherwise denied as overbroad. Granted as to page 23. |

\*\*\*\*\*\*\*\*\*

20

## Motion to Seal: Doc. 180

### Defendant's Memorandum in Support of
### Motion to Modify the Preliminary Injunction (Doc. 179)

| Public Doc. | Sealed Doc. | Description | Designating Party | Ruling |
|---|---|---|---|---|
| Doc. 179 Redacted | Doc. 183 | Memorandum in Support of Motion to Modify | NeoGenomics | Denied as to page 7 overbroad; dollar amount alone is confidential and can be redacted in refiled brief. |
| Doc. 179-1 Redacted | Doc. 183-1 | Declaration of Vishal Sikri in Support of Motion | NeoGenomics | Granted as to pages 2 and 3.<br><br>Granted as to the designation on page 6 only as to the dollar amount; otherwise denied as overbroad and unnecessary. |

\*\*\*\*\*\*\*\*\*

21

## Motion to Seal: Doc. 187

### Plaintiff's Opposition to Defendant's
### Motion to Modify the Preliminary Injunction (Doc. 186)

| Public Doc. | Sealed Doc. | Description | Designating Party | Ruling |
|---|---|---|---|---|
| Doc. 186 Redacted | Doc. 188 | Memorandum in Opposition to Motion to Modify Preliminary Injunction | NeoGenomics | Granted as to page 14. |

\*\*\*\*\*\*\*\*

Motion to Seal: Doc. 191

**Plaintiff's Opposition to Defendant's**
**Motion to Stay the Preliminary Injunction (Doc. 190)**

| Public Doc. | Sealed Doc. | Description | Designating Party | Ruling |
|---|---|---|---|---|
| Doc. 190 Redacted | Doc. 192 | Memorandum in Opposition to Motion to Stay Preliminary Injunction | NeoGenomics | Granted as to page 24. |

*********

**Motion to Seal: Doc. 195**

**Defendant's Reply to Plaintiff's Response to**
**Motion to Stay the Preliminary Injunction (Doc. 194)**

| Public Doc. | Sealed Doc. | Description | Designating Party | Ruling |
|---|---|---|---|---|
| Doc. 194 Redacted | Doc. 196 | Reply Memorandum in Support of Motion to Stay | NeoGenomics | Granted as to pages 5 and 16. In the future only designate dollar amount, not surrounding words about "investments," which is overbroad. |

\*\*\*\*\*\*\*\*\*

24