

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NATERA, INC.,<br><br>    Plaintiff,<br>v.<br><br>NEOGENOMICS LABORATORIES, INC.,<br>    Defendant. | C.A. No. 1:23-cv-629<br><br>**STIPULATED ORDER AND PERMANENT INJUNCTION** |

WHEREAS, Plaintiff Natera, Inc. ("Natera") and Defendant NeoGenomics Laboratories, Inc. ("NeoGenomics") (collectively "Parties") jointly moved for entry of the following Stipulated Permanent Injunction;

WHEREAS, the Parties have reached a partial settlement of this action by execution a Confidential Settlement Agreement on September 20, 2024 ("Agreement");

WHEREAS, as a part of the Agreement, NeoGenomics agreed, for purposes of this Stipulated Permanent Injunction, not to contest that (a) NeoGenomics infringed Claims 1, 2, 12, and 13 of U.S. Patent No. 11,519,035 and Claims 1-28 of U.S. Patent No. 11,530,454 ("the Asserted Claims") by making, offering for sale, and selling the accused RaDaR 1.0 assay[1] and (b) the Asserted Claims are valid and enforceable;

WHEREAS, as a part of the Agreement, NeoGenomics also agreed, for purpose of the Stipulated Permanent Injunction, not to contest that the stipulated infringement of the

---

[1] For purposes of this Order, "RaDaR 1.0" refers to the version(s) of the RaDaR product being made, used, offered for sale, and sold by NeoGenomics as of the commencement of this Action.

1

Asserted Claims would irreparably harm Natera without a permanent injunction, the balance of the harms favors the grant of the injunction, and the public interest weighs in favor of the injunction;

WHEREAS, as a part of the Agreement, the Parties have moved the Court for a permanent injunction that enjoins and prohibits NeoGenomics and third parties acting on behalf of or in active concert with NeoGenomics from making, using, selling, offering to sell or importing RaDaR 1.0 and any assay or product not more than colorably different from the RaDaR 1.0 Assay whose manufacture, use, importation, offer for sale, or sale would infringe any of the Asserted Claims except as provided for herein;

WHEREAS, the definition and terms of the Agreement shall apply to any disputes between the parties regarding the enforcement of this order but are not restated here for reasons of convenience and confidentiality;

WHEREAS, the parties have waived the entry of findings of fact and conclusions of law under Rule 65 of the Federal Rules of Civil Procedure.

**THEREFORE** <u>based on the parties' stipulation and consent as reflected in the parties' Agreement,</u> **IT IS HEREBY ORDERED**

1. The Parties' Joint Motion for a Stipulated Permanent Injunction pursuant to Federal Rule of Civil Procedure 65 is **GRANTED**.
2. NeoGenomics and its privies, subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and those acting or attempting to act in concert are **ENJOINED** from (1) making, using, selling, or offering for sale in the United States

(a) the RaDaR 1.0 Assay or (b) any assay or product not more than colorably different from the RaDaR 1.0 Assay whose manufacture, use, importation, offer for sale, or sale would infringe any of the Asserted Claims; and (2) promoting, advertising, marketing, servicing, distributing, or supplying the above Accused Assay so as to induce others' infringement.

3. Notwithstanding the foregoing, NeoGenomics may continue to make, use, and sell the Accused Assay solely for continued use of the Accused Assay as follows (collectively "the Exceptions"):

    a. for those patients already using it before the Preliminary Injunction issued on January 10, 2024, including for patients who had blood samples taken before January 10, 2024 and on samples taken thereafter for those same patients;

    b. in support of research and development with other persons or entities on projects or studies that began before January 10, 2024; or

    c. for use in or in support of clinical trials that were in process or already approved by an agency of the United States before January 10, 2024, including three trials for which NeoGenomics had signed contracts as of January 10, 2024 but testing had not yet begun at that time, and also including three additional trials identified in Docket 206 where contracts had not yet been finalized as of January 10, 2024.

4. NeoGenomics **SHALL**, within 10 days from the date of issuance of this Permanent

Injunction, provide notice and a copy of this Permanent Injunction to (1) each of its privies, subsidiaries, affiliates, officers, agents, servants, employees, and attorneys; and (2) any other person or entity acting or attempting to act in concert or participation with NeoGenomics with respect to any of the enjoined activities, such that above persons and entities are duly noticed and bound by this Order under Federal Rule of Civil Procedure 65(d)(2). NeoGenomics shall further provide proof of each such notice within 14 days from the date of issuance of this Permanent Injunction.

5. NeoGenomics shall provide to Natera's counsel designated as Outside Attorneys' Eyes Only under the Protective Order: (a) prompt notice when each project, study, or trial subject to an Exception is completed; and (b) biannual reporting of revenue recognized from and the number of assays performed pursuant to each project, study, or trial subject to an Exception.

6. Subject to the terms of the Agreement, Natera's claims against the RaDaR 1.0 Assay are dismissed with prejudice.

7. Subject to the terms of the Agreement, Natera's claims against the "RaDaR 1.1 Assay" (as defined in the Agreement and as described at page 7 and in ¶¶14-38 of the Declaration of Dr. Tim Forshew (*see* Doc. 312) as to the '035 patent are dismissed with prejudice.

8. Subject to the terms of the Agreement, NeoGenomics' counterclaims as to the '035 patent are dismissed without prejudice.

9. Subject to the terms of the Agreement, Natera's claims for infringement of U.S. Patent No. 11,530,454 against the RaDaR 1.1 Assay remain pending, and Natera retains the right to seek any relief available under the law, including injunctive relief.

10. Subject to the terms of the Agreement, this injunction does not apply to RaDaR 1.1, and any claim against the RaDaR 1.1 Assay will not be adjudicated under the standard of whether it is or is not more than colorably different than the RaDaR 1.0 Assay.

11. Subject to the terms of the Agreement, the injunction, determinations, admissions and dismissals stated above are made solely for purposes of this Stipulated Order and Permanent Injunction, and the injunction, determinations, admissions and dismissals stated above shall only have preclusive effect as to (a) the RaDaR 1.0 Assay and (b) any assay or product not more than colorably different from the RaDaR 1.0 Assay.

12. IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this Action for purposes of enforcing the Agreement, implementing and enforcing the Stipulated Order and Permanent Injunction and any additional orders necessary and appropriate.

Entered this 23rd day of September, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE

5

Case 1:23-cv-00629-CCE-JLW   Document 329   Filed 09/23/24   Page 5 of 5