

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NATERA INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23-CV-629 |
| | ) | |
| NEOGENOMICS LABORATORIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION TO AMEND AND ADDING DEADLINES

The plaintiff, Natera, Inc., moves for leave to amend its complaint to add counts for direct, indirect, and willful infringement of its '596 patent. Doc. 336; *see* Doc. 339-1 at 21, 23, 25. The Court finds and concludes that the need for the amendment is based in part on information Natera learned after September 12, 2024, that there has not been bad faith, that amendment would not be futile, and that there is no unfair prejudice to defendant NeoGenomics Laboratories, Inc., so long as the trial is not delayed. This can be accomplished. The motion to amend will be granted.

As to the '454 patent, the parties have long since exchanged preliminary infringement and invalidity contentions, *see* Doc. 256, and a Claim Construction Order has been entered. Doc. 280. The amendment will require additional deadlines and case management, particularly as to the '596 patent. The Court has considered the parties' contentions on this issue in light of its extensive experience with this case and in its inherent authority to manage its docket.

In the Court's discretion, it is **ORDERED** that:

1. The motion to amend, Doc. 336, is **GRANTED**, and the plaintiff **SHALL** file the proposed amended complaint within three business days. NeoGenomics **SHALL** answer within ten business days.

2. Natera has already served its preliminary infringement contentions for both patents. It **SHALL** narrow those contentions to no more than fourteen total no later than December 11, 2024.

3. NeoGenomics **SHALL** serve preliminary invalidity contentions for both patents limited to a reasonable number no later than December 18, 2024.

4. For the '596 patent, the parties **SHALL**:

    a. exchange proposed claim construction terms no later than December 23, 2024.

    b. exchange preliminary constructions and intrinsic evidence no later than January 6, 2025.

    c. file a Joint Claim Construction Statement no later than January 13, 2025.

    d. file opening Claim Construction briefs January 20, 2025, and responsive Claim Construction briefs no later than February 3, 2025. If a hearing is necessary, it will be scheduled by the Court.

5. All deadlines in the Scheduling Order filed September 24, 2024, Doc. 330, identified as "proposed dates" remain in place and govern discovery and all other matters as to both patents going forward.

6. The consent motion to replace docket entries with corrected versions, Doc. 344, is **GRANTED** and the Clerk shall make the requested substitutions so that the docket accurately reflects the narrowed motion to seal and the old versions removed. The Court will enter an order on the motion to seal, Doc. 338, separately and as expeditiously as possible.

This the 6th day of December, 2024.

UNITED STATES DISTRICT JUDGE