## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NATERA, INC.,

                Plaintiff,

        v.

NEOGENOMICS LABORATORIES,
INC.,

                Defendant.

Case No. 1:23-cv-629-CCE-JLW

---

**Request for International Judicial Assistance pursuant to the Hague Convention of
18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

| | | |
|---|---|---|
| 1. | Sender | The Honorable Catharine C. Eagles<br>Chief District Judge<br>United States District Court for the Middle<br>District of North Carolina<br>L. Richardson Preyer Courthouse<br>324 W. Market Street<br>Greensboro, North Carolina 27401-2544<br>United States of America |
| 2. | Central Authority of the<br>Requested State | The Senior Master<br>For the attention of the Foreign Process Section<br>Room E16<br>Royal Courts of Justice<br>Strand<br>London WC2A 2LL<br>United Kingdom<br><br>Tel: +44 203 936 8957 (please select the option<br>for 'Foreign Process')<br>Email: foreignprocess.rcj@justice.gov.uk |

3. Person to whom the executed request is to be returned

| |
|---|
| Aaron G. Fountain |
| Morrison & Foerster LLP |
| 2100 L Street, NW |
| Suite 900 |
| Washington, D.C. 20037 |
| United States of America |
| |
| Telephone: +1 (512) 617-0655 |
| Email: AFountain@mofo.com |
| |
| |
| Chiraag Shah |
| Morrison & Foerster (UK) LLP |
| 52 Lime Street |
| London EC3M 7AF |
| United Kingdom |
| Tel.: +44 (0)20 7920 4176 |
| cshah@mofo.com |

4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request

Date

| |
|---|
| Deposition of Dr. Swanton: April 13, 2025 |

Reason for urgency

| |
|---|
| Trial in this matter is scheduled to begin on October 13, 2025. |

IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST:

| | | | |
|---|---|---|---|
| 5. | *a* | Requesting judicial authority (Article 3,*a*)) | The Honorable Catharine C. Eagles<br>Chief District Judge<br>United States District Court for the Middle District of North Carolina<br>L. Richardson Preyer Courthouse<br>324 W. Market Street<br>Greensboro, North Carolina 27401-2544<br>United States of America |
| | *b* | To the competent authority of (Article 3, *a*)) | England and Wales |
| | *c* | Names of the case and any identifying number | *Natera, Inc. v. NeoGenomics Laboratories, Inc.*<br>Case No. 1:23-cv-629-CCE-JLW, Middle District of North Carolina |
| 6. | | Names and addresses of the parties and their representatives (including representatives in the requested State) (Article 3, *b*)) | |
| | *a* | Plaintiff | Natera, Inc.<br>13011 Mccallen Pass, Building A Suite 100, Austin, Texas, 78753<br>United States of America |
| | | Representatives | Robert C. Van Arnam<br>Andrew R. Shores<br>WILLIAMS MULLEN<br>P.O Drawer 1000<br>Raleigh, NC 27602-1000<br>United States of America<br>+1(919) 981-4015<br>rvanarnam@williamsmullen.com<br>ashores@williamsmullen.com |

Kevin P.B. Johnson
Victoria F. Maroulis
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
555 Twin Dolphin Shores, 5th Floor
Redwood Shores, CA 94065
United States of America
+1(650) 801-5000
kevinjohnson@quinnemanuel.com
victoriamaroulis@quinnemanuel.com

Andrew Bramhall
Kevin Smith
Tara Srinivasan, Ph.D.
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
United States of America
+1(415) 875-6600
andrewbramhall@quinnemanuel.com
kevinsmith@quinnemanuel.com
tarasrinivasan@quinnemanuel.com

Sandra Haberny, Ph.D.
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
United States of America
+1(213) 443-3000
sandrahaberny@quinnemanuel.com

*b*  Defendant

NeoGenomics Laboratories, Inc.
9490 NeoGenomics Way
Fort Myers, Florida 33912
United States of America

| Representatives | DARALYN J. DURIE |
| --- | --- |
| | MATTHEW I. KREEGER |
| | ANNIE A. LEE |
| | JACK WILLIAM HAISMAN |
| | MORRISON & FOERSTER LLP |
| | 425 Market Street |
| | San Francisco, CA 94105 |
| | Tel: (415) 268-7000 |
| | Fax: (415) 268-7522 |
| | DDurie@mofo.com |
| | MKreeger@mofo.com |
| | AnnieLee@mofo.com |
| | JHaisman@mofo.com |
| | |
| | CHARLES CALHOUN PROVINE |
| | MORRISON & FOERSTER LLP |
| | 2100 L Street NW, Suite 900 |
| | Washington, DC 20037 |
| | Tel: (202) 887-1500 |
| | Fax: (202) 887-0763 |
| | CProvine@mofo.com |
| | |
| | ERIC NIKOLAIDES |
| | MORRISON & FOERSTER LLP |
| | 250 West 55th St. |
| | New York, NY 10019 |
| | Tel: (212) 336-4061 |
| | ENikolaides@mofo.com |
| | |
| | AARON G. FOUNTAIN |
| | HUI ZHAO |
| | MORRISON & FOERSTER |
| | 300 Colorado Street, Suite 1800 |
| | Austin, TX 78701 |
| | Tel: (737) 309-0700 |
| | AFountain@mofo.com |
| | HZhao@mofo.com |
| | |
| | MATTHEW R. STEPHENS |
| | MORRISON & FOERSTER LLP |
| | 12531 High Bluff Drive, Suite 100 |
| | San Diego, CA 92130 |
| | Tel: (858) 720-5100 |

Fax: (858) 720-5125
MStephens@mofo.com

JOHN F. MORROW, JR.
JOHN D. WOOTEN IV
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Tel: 336-721-3584
Fax: 336-733-8429
John.Morrow@wbd-us.com
JD.Wooten@wbd-us.com

Chiraag Shah
Morrison & Foerster (UK) LLP
52 Lime Street
London EC3M 7AF
United Kingdom
Tel.: +44 (0)20 7920 4176
cshah@mofo.com

| | | | |
|---|---|---|---|
| | *c* | Other parties | |
| | | Representatives | |
| 7. | *a* | Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, *c)*) | Patent infringement |

| | | |
|---|---|---|
| *b* | Summary of complaint | Plaintiff Natera, Inc. ("Natera"), a U.S. corporation, has alleged in its complaint that Defendant NeoGenomics, Inc. ("NeoGenomics") infringes U.S. Patent Nos. 11,530,454 (the "'454 Patent") and 11,319,596 (the "596 Patent") (collectively, "Asserted Patents"). These patents relate to methods of testing cell-free DNA ("cfDNA") from cancer cells, including assessing the genetic evolution of a cancer's DNA by monitoring "clonal" and "subclonal" mutations in that DNA. Natera has alleged that NeoGenomics' RaDaR™ Minimum Residual Disease Assay infringes the Asserted Patents. |
| *c* | Summary of defence and counterclaim | As part of its defence, NeoGenomics contends that the '454 and '596 Patents are invalid for improper inventorship. Specifically, NeoGenomics contends that Dr. Mariam Jamal-Hanjani and Dr. Charles Swanton were omitted as inventors of the '454 and '596 Patents, which are owned and asserted by Natera in this matter. The omission of Drs. Jamal-Hanjani and Swanton as inventors renders the patents invalid, such that they cannot be infringed.<br><br>Under U.S. law, a patent is invalid patent if more or less than the true inventors are named on the patent. If an inventor has been omitted from the patent, the patent is invalid unless the omission is correct in accordance with U.S. law. To be an inventor, one must contribute to the conception of one of the patent claims and contribute through a joint behavior, such as collaboration or working under common direction. Therefore, evidence of contribution to conception and evidence of communications of that contribution are relevant to an improper inventorship defense. |

As is exhibited by documentary evidence, Dr. Swanton supervised the TRACERx study, including Dr. Jamal-Hanjani's thesis, and served as the conduit of that information to Natera's representative. His testimony is particularly relevant to explain the communications between Drs. Jamal-Hanjani and Swanton and Natera's employees, who were named as inventors on the patents.

NeoGenomics contends that Drs. Swanton and Jamal-Hanjani contributed to the conception of the claims of the asserted patents and collaborated with Natera on the inventions. NeoGenomics seeks the testimony of Dr. Swanton to show that he conceived of subject matter encompassed by claims 4-9 of the '596 patent and claims 3-5, 7, 17-19, and 21 of the '454 patent and communicated that conceived subject matter, directly or indirectly, to the named inventors of the '596 and '454 patents.

| | | |
|---|---|---|
| *d* | Other necessary information or documents | This Court has reviewed documentary evidence, including publications and correspondence exchanged between Dr. Swanton and Natera, which suggests that Dr. Jamal-Hanjani and Dr. Charles Swanton contributed to the subject matter claimed by the '596 and '454 patents and communicated that information to Natera.<br><br>Specifically, certain documents produced in this case suggest that Drs. Swanton and Jamal Hanjani may be considered inventors of claims 4-9 of the '596 patent and claims 3-5, 7, 17-19, and 21 of the '454 patent.<br>• Claims 4-9 of the '596 patent and claims 3-5, 7, 17-19, 21 of the '454 patent are directed to methods of detecting clonal and subclonal single-nucleotide variants (SNVs) in cell-free DNA (cfDNA) from cancer cells, which Drs. Swanton and |

Jamal-Hanjani conceived and communicated to named inventors of the '596 and '454 patent.
- Claims 4 and 7 of the '596 patent are directed to methods of detecting the exact SNVs identified by Drs. Swanton and Jamal-Hanjani in their research, which they also communicated to the patent's named inventors.

Neogenomics contends that Drs. Swanton and Jamal-Hanjani conceived of these claims when they developed the TRACERx (TRAcking Cancer Evolution through therapy (Rx)) study, which is described in Dr. Jamal-Hanjani's thesis (the "Thesis") and also published in Annals of Oncology, with Natera's named inventors Tudor Pompiliu Constantin, Huyesin Eser Kirkizlar, Styrmir Sigurjonsson, and Bernhard Zimmermann listed as coauthors (the "Article").

The evidence before this Court therefore suggests that Natera may have taken Drs. Swanton and Jamal-Hanjani's work without adding them as inventors to the '596 and '454 patents.

| | | | |
|---|---|---|---|
| 8. | *a* | Evidence to be obtained or other judicial act to be performed (Article 3, *d)*) | Oral examination of Dr. Swanton to elicit evidence for use at trial relating to his role and participation in the TRACERx study and collaboration with Natera. |
| | *b* | Purpose of the evidence or judicial act sought | The oral evidence of Dr. Swanton is intended for use at trial and in the view of this court will be highly relevant and material to the determination of the Defendant's improper inventorship defence as summarized above including in particular, whether Dr. Jamal-Hanjani and Dr. Swanton were improperly |

| | | |
|---|---|---|
| | | omitted as inventors on the '454 and '596 patent applications. |

| | | |
|---|---|---|
| 9. | Identity and address of any person to be examined (Article 3, *e*)) | Dr Charles Swanton<br>University College London<br>UCL Cancer Institute<br>Paul O'Gorman Building<br>72 Huntley Street<br>London WC1E 6BT<br>United Kingdom |
| 10. | Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (Article 3, *f*)) | See Appendix A attached hereto |
| 11. | Documents or other property to be inspected (Article 3, *g*)) | N/A |
| 12. | Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, *h*)) | This Court requests that the examination be taken under the Federal Rules of Civil Procedure of the United States of America, except to the extent that such procedure is incompatible with the law of England & Wales. The testimony shall be given under oath or affirmation. |
| 13. | Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Articles 3, *i*) and 9) | The deposition shall take place in London, England at the offices of Morrison Foerster, 52 Lime Street, London, EC3M 7AF.<br><br>The examination shall be taken under the Federal Rules of Civil Procedure of the United |

States, except to the extent such procedure is incompatible with the internal laws of the United Kingdom. This Court requests: (1) that the examination be taken orally; (2) that the examination be taken before a commercial stenographer and videographer selected by Defendants; (3) that the stenographer be permitted to record the examination by audio means; (4) that the stenographer be allowed to record a verbatim transcript of the examination; (5) that counsel for Plaintiffs and counsel for Defendants be notified as soon as possible of the date, time, and place of the examination, along with any other pertinent information, including what authority has been appointed to preside over the examination; (6) that counsel for Plaintiffs and counsel for Defendants be permitted to question the witness regarding the topics described in this Request; (7) that 7.0 hours be allotted for the examination; (8) that the examination be closed to the public; and (9) that the witness be examined as soon as possible.

This Court further requests that (1) counsel for the parties and the witness be permitted to object to the form of questions just as they would in a deposition taken in the United States pursuant to the Federal Rules of Civil Procedure; (2) any such objections be recorded by the stenographer and the presiding examiner; and (3) to the extent reasonably necessary to avoid the disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege, counsel be permitted to direct the witness not to answer.

This Court has issued an order to protect confidentiality (the "Protective Order"). Pursuant to the Protective Order, the questioning of the witness, the witness's testimony, and any transcript or audio recording of the questioning and testimony, may be designated as

"Confidential Information" or "Outside Attorneys' Eyes Only Information" in accordance with the Stipulation and Protective Order by the parties or by the witness.

If the evidence cannot be taken according to some or all of the procedures described above, this Court requests that it be taken in such manner as provided by the applicable law of England and Wales for the formal taking of testimonial evidence. When required, this Court will provide similar assistance as requested herein to the appropriate judicial authorities of the United Kingdom.

| | |
|---|---|
| 14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)* | It is requested that NeoGenomics Laboratories' counsel (contact information in section 6b, above) and Natera, Inc.'s counsel (contact information in section 6a, above) be informed as soon as practicable of the date and place where this request will be executed or any issues with the request. |
| 15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8) | No attendance of judicial personnel of the requesting authority is requested. |
| 16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, *b)*) | Under the laws of the United States, a witness has a privilege to refuse to give evidence if to do so would disclose a confidential communication between the witness and his attorney that was communicated specifically for the purpose of obtaining legal advice and which privilege has not been waived. United States law also recognizes a privilege against self-incrimination. Certain limited immunities are also recognized outside the strict definition of privilege, such as |

the limited protection of work product created by attorneys during or in anticipation of litigation.

17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by

The fees and costs incurred that are reimbursable under the second paragraph of Article 14 or under Article 26 of the Hague Convention will be borne by Defendants.

Statements for the amounts due should be sent to Morrison & Foerster (UK) LLP, 52 Lime Street, London EC3M 7AF.

DATE OF REQUEST

*December 31, 2024*

SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY

*Chief Judge*