IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NATERA, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEOGENOMICS LABORATORIES, INC., <br><br><br> Defendant. | C.A. No. 1:23-CV-629 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION (DOC. 442) TO MAINTAIN PLAINTIFF'S CONFIDENTIAL MATERIALS UNDER SEAL**

Pursuant to Local Rule 5.4, and the Parties' Joint Stipulation for Filing Motions Under Seal (Doc. 252, as modified and adopted by the Court at Doc. 257), Plaintiff Natera, Inc. ("Natera"), through its undersigned counsel, submits this Memorandum in Support of the Parties' Joint Amended Motion to Maintain Under Seal Confidential Materials Submitted with the Parties' Summary Judgment and Daubert briefing and Demonstratives presented at the August 8, 2025 Summary Judgment Hearing in connection with Natera's confidential information.

As identified in the Motion and Appendices (Doc. 487 and Doc. 560-2), Natera seeks to maintain under seal: limited portions of the Parties' expert reports, deposition transcripts, and associated exhibits, portions of the parties' briefing that directly quote from the aforementioned confidential information, and portions of the Parties' demonstratives

1

presented at the August 8, 2025 hearing containing screenshots of the same. Legal authority and factual evidence for maintaining this limited information under seal is set forth below.

I.   BACKGROUND

In anticipation of the Parties' Summary Judgment motions and *Daubert* motions, the Parties agreed to file sealed and public versions of the Parties' expert reports, including the exhibits attached thereto, and expert deposition transcripts on the docket relevant to the motions. The Parties also filed an appendix summarizing the docket locations of the public and sealed versions of these materials. Doc. 487.

Opening Summary Judgment and *Daubert* Motions were filed on June 20, 2025, Oppositions were filed on July 3, 2025, and Replies were filed on July 18, 2025 pursuant to the Scheduling Order. Doc. 330. Additional exhibits were submitted in connection with the Parties' briefing. An appendix (Doc. 560-2) listing the docket numbers of all exhibits attached to any brief filed in connection with Summary Judgment and *Daubert* Motions is filed herewith.

On August 8, 2025, the Court heard arguments on the Parties' Summary Judgment Motions. On August 15, 2025, the Parties filed their respective Demonstratives from the August 8 hearing under seal, which contain confidential belonging to both parties. In view of the arguments raised at the public August 8 hearing, Natera has withdrawn its request for maintaining confidentiality over numerous documents. *See* Declaration of Sean Boyle ("Boyle Decl."), ¶¶12, 15, 27, 46; Doc. 560-2. As to the remainder of Natera's narrowed

confidentiality designations, and in accordance with the applicable Local Rules and this Court's Order governing Motions to Seal in this case (Doc. 257), Natera respectfully requests the Court maintain the limited redacted information submitted in connection with Parties' Summary Judgment and *Daubert* motions under seal.

II.     **LEGAL STANDARD**

The Fourth Circuit has explicitly set forth the standards and procedure for maintaining documents under seal. A court considering a motion to maintain documents under seal must first determine the nature of the information and the public's right to access. *Stone v. Univ. of Md. Medical Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Although there is a general presumption that the public has the right to access documents in the files of the courts, this presumption may be overcome "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

To grant a motion to seal, certain substantive and procedural requirements must be met. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Substantively, the Court first must determine the source of the right of public access with respect to each document, or portion thereof, to be sealed. *Stone*, 855 F.2d at 180; *Bayer Cropscience, Inc. v. Syngenta Crop Protection, LLC*, 979 F. Supp. 2d 653, 655 (M.D.N.C. 2013). "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Wash. Post*,

3

386 F.3d at 575. The strength of the public's right of access varies depending on which of these sources applies in a given case. *Id.*

The right of access afforded by the First Amendment is guaranteed, and "may be abrogated only in unusual circumstances." *Stone*, 855 F.2d at 182. This protection encompasses all documents and material filed in connection with dispositive pre-trial motions or other motions affecting the substantive rights of the parties. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988). "It is uncontested, however, that the right to inspect and copy judicial records is not absolute." *Nixon v. Warner Comm's, Inc.*, 435 U.S. 589, 598 (1978); *see also Rushford*, 846 F.2d at 253 ("The mere existence of a First Amendment right of access … to a particular kind of document does not entitle[] the press and the public to access in every case."). Access to judicial records subject to a First Amendment right of access may be denied if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986).

To be sure, courts have repeatedly recognized that a party's interest in protecting proprietary, sensitive, or otherwise confidential information from public dissemination will often outweigh the public's interest in accessing such information. *See Nixon,* 435 U.S. at 598 (noting that public access may be inappropriate for "business information that might harm a litigant's competitive standing"); *Bayer*, 979 F. Supp. 2d at 656 (same); *Adjabeng v. GlaxoSmithKline, LLC*, No. 1:12-CV-568, 2014 WL 459851, at *3 (M.D.N.C. Feb. 5, 2014) ("In the absence of an improper purpose and where there are no countervailing

interests, sealing confidential business information is appropriate."); *Woven Elecs. Corp. v. Advance Grp., Inc.*, Nos. 89-1580, 89-1588, 1991 WL 54118, at *6 (4th Cir. Apr. 15, 1991) (explaining in *dicta* that partial sealing of trial record to prevent disclosure of trade secrets "strikes an appropriate balance between the public's right of access to judicial records and proceedings and the parties' legitimate interest in the protection of sensitive proprietary information").

Procedurally, the district court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 302. Notably, however, public notice is satisfied through the docketing of a party's motion to seal. *Stone*, 855 F.2d at 181; *Kinetic Concepts, Inc. v. Convatec, Inc.*, No. 1:08-CV-918, 2010 WL 1418312, at *8 (M.D.N.C. Apr. 2, 2010).

## III. ARGUMENT

Natera respectfully submits this brief in support of the Joint Amended Motion to Seal and asks the Court to enter the Proposed Order. The material identified in the sealed versions of various documents submitted in connection with the Parties' Summary Judgment and *Daubert* motions reflect information that Natera classifies as confidential, proprietary, sensitive, and/or otherwise confidential business information, and would result in harm if made public. *See* Boyle Decl. Specifically, Natera seeks to maintain under seal limited portions of the Parties' expert reports, deposition transcripts, and associated

5

exhibits, portions of the parties' briefing that directly quote from the aforementioned confidential information, and portions of the Parties' demonstratives presented at the August 8, 2025 hearing containing screenshots of the same. *See* Boyle Decl., Docs. 487, 560-2.

### A. Natera's Interest in Protecting Its Confidential Information Outweighs the Public's Interest in Accessing the Information

Natera acknowledges that the Parties' Summary Judgment Motions will necessarily play a role in adjudicating this case, and therefore the corresponding briefing, exhibits, and demonstratives are "judicial records" subject to the First Amendment right of access. *See, e.g.*, *Bayer*, 979 F. Supp. 2d at 656 ("briefing and exhibits filed in connection with motions seeking injunctive relief are subject to the public's First Amendment right of access"); *Wash. Post*, 386 F.3d at 578-79; *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988).

This matter, however, essentially involves "a dispute between private parties involving matters that are normally private." *Hunter v. Town of Mocksville*, 961 F. Supp. 2d 803, 807 (M.D.N.C. 2013); *see also Bayer,* 979 F. Supp. 2d at 656-57 (placing under seal business information "not ordinarily public" and subject to a First Amendment right of access). Weighing the public's right of access to the judicial records Plaintiff seeks to seal against Plaintiff's legitimate interest in protecting its highly confidential, sensitive, and proprietary information—disclosure of which could harm Plaintiff's competitive and financial interests—demonstrates that the unredacted documents should be sealed.

6

Applying this standard, courts have repeatedly recognized that a party's interest in protecting proprietary, sensitive, or otherwise confidential information from public dissemination will often outweigh the public's interest in accessing such information. *See Nixon*, 435 U.S. at 598 (noting that public access may be inappropriate for "business information that might harm a litigant's competitive standing"); *Bayer,* 979 F. Supp. 2d at 656 (same); *Adjabeng,* 2014 WL 459851, at *3 ("In the absence of an improper purpose and where there are no countervailing interests, sealing confidential business information is appropriate.").

Certain discrete yellow highlighted portions of Parties' expert reports and associated exhibits, deposition transcripts, the parties' summary judgment and *Daubert* briefing that directly quote from the aforementioned confidential information, and the Parties' demonstratives presented at the August 8, 2025 hearing containing screenshots of the same contain confidential proprietary and technical information related to Natera's research and development and commercial strategy. *See* Boyle Decl., Docs. 487, 560-2. Because Plaintiff's interest in protecting proprietary, sensitive, and otherwise confidential and/or privileged information from public dissemination outweighs the public's interest in accessing that information, the Court should grant the Joint Amended Motion and maintain these materials under seal.

### B. Natera's Request Complies with the Fourth Circuit's Procedural Requirements for Sealing Documents

#### 1. Public Notice Requirements Have Been Satisfied Through the Docketing of this Motion

The Fourth Circuit requires that the public be provided notice of any request to seal judicial documents and a reasonable opportunity to object to any such request. *Ashcraft*, 218 F.3d at 302. This requirement is satisfied through the docketing of a party's motion to seal. *Stone*, 855 F.2d at 181; *Kinetic Concepts*, 2010 WL 1418312, at *8. At this time, Plaintiff is not aware of any party that objects to the motion. *See* Boyle Decl. at ¶ 54. The public, however, will have sufficient time to respond and lodge any objections before the Court is anticipated to rule on this motion.

#### 2. The Motion to Seal is Narrowly Tailored

Under Federal law, the redaction of confidential material is generally considered a less drastic alternative to filing an entire document or motion under seal. *Bell v. Shinseki*, No. 1:12-cv-057, 2013 WL 3157569, at *9 (M.D.N.C. June 20, 2013), *aff'd,* 584 F. App'x 42 (4th Cir. 2014). The Joint Amended Motion to Seal requests the sealing of very limited portions of expert reports and associated exhibits, deposition transcripts, the parties' summary judgment and *Daubert* briefing that directly quote from the aforementioned confidential information, and the Parties' demonstratives presented at the August 8, 2025 hearing containing screenshots of the same such that only Natera's most sensitive information be omitted from the public record. This includes redactions of limited text (where possible) rather than seeking to file the entirety of the document under seal. Natera

has also confirmed that certain information originally filed under seal need not be maintained under seal following the nature of the summary judgment arguments presented at the public August 8 hearing. *See* Boyle Decl., Docs. 487, 560-2. At the present time, Natera is not aware of any less drastic means for protecting its sensitive business information from public disclosure.

### C. Natera's Request Complies with the Fourth Circuit's Substantive Requirements for Sealing Documents

#### 1. <u>Specific Reasons and Factual Findings Support Sealing</u>

The law and evidence support maintaining Natera's confidential information under seal. As described in the accompanying supporting Declaration of Dr. Sean Boyle, Natera seeks to maintain under seal two categories of information: sensitive technical information and sensitive strategic business information. *See* Boyle Decl. For each document that Natera requests to maintain under seal, specific reasons that support maintaining the information under seal are provided in Dr. Boyle's Declaration. *See generally id*.

Regarding Natera's technical information, Natera's narrowed redactions concern confidential descriptions of Natera's research and development process, design and technical information regarding a pilot research collaboration study, the operative version of Natera's Signatera assay, including detailed information about Natera's technical workflow, experimental design, experimental results, assessment of multiple parameters, optimization considerations, Signatera's performance, internal validation, and strategic considerations. *See* Boyle Decl.

9

Regarding Natera's confidential business information, Natera's narrowed redactions concern business strategy and considerations for pursuing specific market opportunities related to Signatera, timeline and productization efforts, Natera's competitive strategy and intelligence, licensing terms and partners, Natera's identification of future opportunities, and identification of Natera's collaborators. *See* Boyle Decl.

The information sought to be sealed is not publicly available and if publicly disseminated, could result in unfair advantage to Natera's competitors who may be able to use the information to develop products that closely parallel Natera's workflow, methodology, and research interests or develop other competing business strategies that otherwise gain unfair advantages in the market. *Id.* Dissemination is also likely to harm Natera by enabling Natera's competitors to target Natera's collaborators to obtain details about Natera's proprietary technology and how it performed in certain studies. *Id.* The law therefore supports maintaining this information under seal. *See Silicon Knights, Inc.*, 2009 WL 577303, at *2 (maintaining under seal "information relating to the parties' networks and software, information which is of utmost importance to the parties but not generally available to the public").

## IV. CONCLUSION

Having satisfied both the substantive and procedural requirements for filing under seal, Natera respectfully requests the Court grant the Joint Amended Motion to Seal to maintain under seal Natera's confidential information.

Respectfully submitted this 15th day of August, 2025.

By: */s/ Robert C. Van Arnam*

Robert C. Van Arnam (N.C. Bar No. 28838)
Andrew R. Shores (N.C. Bar No. 46600)
**WILLIAMS MULLEN**
P.O. Drawer 1000
Raleigh, NC 27602-1000
Telephone: (919) 981-4015
Fax: (919) 981-4300
rvanarnam@williamsmullen.com
ashores@williamsmullen.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Kevin P.B. Johnson*
Victoria F. Maroulis*
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

Andrew Bramhall
Kevin Smith
Tara Srinivasan, Ph.D.*
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

Sandra Haberny, Ph.D.*
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

*Counsel for Plaintiff*

*\*Special Appearance under Local Civil Rule 83.1(d)*

11

# CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief contains fewer than 6,250 words, as calculated by the "Word Count" feature of Microsoft Word 2010, the word processing program used to create it, and therefore complies with the word count limitation of Local Rule 7.3(d).

Dated: August 15, 2025

By: <u>/s/ Robert C. Van Arnam</u>
Robert C. Van Arnam
N.C. Bar No. 28838
WILLIAMS MULLEN
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Tel: (919) 981-4000
rvanarnam@williamsmullen.com

*Counsel for Plaintiff Natera, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document via the CM/ECF system which will cause the document to be served on all counsel of record.

Dated: August 15, 2025

By: */s/ Andrew R. Shores*
Andrew R. Shores (N.C. Bar No. 46600)
WILLIAMS MULLEN
P.O. Drawer 1000
Raleigh, NC 27602-1000
Telephone: (919) 981-4015
Fax: (919) 981-4300
ashores@williamsmullen.com

*Counsel for Plaintiff Natera, Inc.*