# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NATERA, INC.,

        Plaintiff,

    v.

NEOGENOMICS LABORATORIES, INC.,

        Defendant.

Case No. 1:23-cv-629-CCE-JLW

## DEFENDANT NEOGENOMICS LABORATORIES, INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF AMENDED <u>MOTION TO SEAL</u>

**TABLE OF CONTENTS**

Page

I.    BACKGROUND AND DESCRIPTION OF MATERIALS SOUGHT TO
      BE SEALED ................................................................................................. 1

II.   LEGAL STANDARDS ................................................................................... 2

III.  ARGUMENT .................................................................................................. 6

      A.    Portions of the Parties' Briefings and Exhibits Should Be Maintained
            Under Seal ............................................................................................ 6

      2.    Defendant's Request Complies with the Fourth Circuit's Procedural
            Requirements for Sealing Documents ................................................. 11

IV.   CONCLUSION ............................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adjabeng v. GlaxoSmithKline, LLC*,
    No. 1:12-CV-568, 2014 WL 459851 (M.D.N.C. Feb. 5, 2014) ................................ 5, 7

*Allergan, Inc. v. Apotex Inc.*,
    No. 1:10-CV-681, 2013 WL 1750757 (M.D.N.C. Apr. 23, 2013),
    *vacated on other grounds*, 754 F.3d 952 (Fed. Cir. 2014) ............................ 4

*Ashcraft v. Conoco, Inc.*,
    218 F.3d 288 (4th Cir. 2000) ............................................................ 3, 6, 12

*ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*,
    801 F. Supp. 2d 419 (M.D.N.C. 2011) ........................................... 4

*ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*,
    No. 1:09CV471, 2014 WL 2607364 (M.D.N.C. June 11, 2014) .................................. 4

*Bayer Cropscience, Inc. v. Syngenta Crop Protection, LLC*,
    979 F. Supp. 2d 653 (M.D.N.C. 2013) ................................................. 3, 5, 7

*Bell v. Shinseki*,
    No. 1:12cv57, 2013 WL 3157569 (M.D.N.C. June 20, 2013), *aff'd*, 584
    F. App'x 42 (4th Cir. 2014) ........................................................... 12

*Double Doggie, LLC v. PetsMart, Inc.*,
    2018 WL 11424684 (M.D.N.C. Jan. 10, 2018,) ....................................... 3, 7

*Kinetic Concepts, Inc. v. Convatec, Inc.*,
    No. 1:08-CV-918, 2010 WL 1418312 (M.D.N.C. Apr. 2, 2010) ........................... 6, 12

*In re Knight Publ'g Co.*,
    743 F.2d 231 (4th Cir. 1984) ...................................................... 4, 8, 11

*Nixon v. Warner Commc'ns, Inc.*,
    435 U.S. 589 (1978) ................................................................. 4, 5, 7

*Nuvasive, Inc v. Kormanis*,
    No. 1:18-CV-282, 2019 WL 9633644 (M.D.N.C. May 15, 2019) ............................ 4

*In re Policy Mgmt. Sys. Corp.*,
    1995 WL 541623 (4th Cir. Sept 13, 1995) .................................................. 3

*Rushford v. The New Yorker Magazine, Inc.*,
    846 F.2d 249 (4th Cir.1988) .................................................................... 3, 5

*SMD Software, Inc. v. EMove*,
    No. 5:08-cv-403-FL, 2013 WL 1091054 (E.D.N.C. Mar. 15, 2013)............................ 4

*Stone v. Univ. of Md. Med. Sys. Corp.*,
    855 F.2d 178 (4th Cir. 1988) ............................................................. 3, 5, 6, 12

*Va. Dep't of State Police v. Wash. Post*,
    386 F.3d 567 (4th Cir. 2004) ................................................................... 2, 3

*Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys. Inc*,
    No. 1:05CV955, 2012 WL 526059 (M.D.N.C. Feb. 16, 2012) ................................... 12

*In re Wash. Post Co.*,
    807 F.2d 383 (4th Cir. 1986) ........................................................................ 5

*Washington v. Bruraker*,
    2015 WL 6673177 (W.D.Va. Mar. 29, 2015)............................................................ 3

**Other Authorities**

Local Civil Rules 5.4(c) and 7.3 ........................................................................... 1

Local Rule 5.5................................................................................................. 1

Case 1:23-cv-00629-CCE-JLW    Document 562    Filed 08/15/25    Page 4 of 21

Pursuant to Local Civil Rules 5.4(c) and 7.3, the Parties' Local Rule 5.5 Report (Dkt. 40), and the sealing protocol adopted by the Court (Dkt. 252), Defendant NeoGenomics, Laboratories, Inc. ("NeoGenomics" or "Defendant") respectfully submits this Supplemental Memorandum in Support of its Amended Motion to Seal documents and exhibits filed in connection with the Parties' expert reports, summary judgment and *Daubert* motions, as well as limited, discreet confidential portions of the Parties' briefings based on the inclusion of Defendant's sensitive or otherwise confidential business information (hereafter the "Confidential Information").

## I.    BACKGROUND AND DESCRIPTION OF MATERIALS SOUGHT TO BE SEALED

The parties' initial joint motion was filed on June 19, 2025.  (Dkt. 442.)  As indicated on Appendix A to this amended motion and the concurrently-filed declaration of Ali Olivo, the Confidential Information NeoGenomics seeks to maintain under seal is contained in documents falling into the following categories: (1) the parties' briefing on the pending summary judgment and *Daubert* motions; (2) expert reports filed on the docket in connection with the parties' briefing on summary judgment and *Daubert* motions; and (3) exhibits submitted in connection with the parties' expert reports and summary judgment and *Daubert* motions.   The information contained within them includes Defendant's confidential business information, including information related to financial information such as revenue and pricing, business strategies, and sensitive testing and data analysis strategies such as methods and locations of testing and analysis.   As supported in the declaration of Ali Olivo, this information, if publicly disclosed, could be misused by

1

Defendant's competitors or otherwise harm Defendant.

Defendant requests that the Court maintain under seal and redact from the publicly filed versions certain limited, discreet portions of the Parties' summary judgment motions and briefs submitted by NeoGenomics (Dkts. 492, 523, and 535) and Natera (Dkts. 503, 514, and 540). Defendant also requests that the Court maintain under seal and redact from the publicly filed versions limited, discreet portions of the *Daubert* motions and briefs submitted by NeoGenomics (Dkts. 507, 521, 522 and 531) and Natera (Dkts. 506, 508, 509, 515, 533, and 538).

To facilitate the Court's review, the Parties have submitted under seal their respective summary judgment and *Daubert* briefings with green highlighting to denote only those exact words, phrases, or paragraphs which Defendant seeks to maintain under seal, and yellow highlighting to denote Natera's Confidential Information. This Confidential Information that Defendant requests that the Court maintain under seal and redact from the publicly filed versions is identified in Appendix A to NeoGenomics' Amended Motion to Seal.

## II.    LEGAL STANDARDS

The Fourth Circuit has set forth the standards and procedure for maintaining documents under seal. To grant a motion to seal, certain substantive and procedural requirements must be met. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004).

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Wash. Post*,

2

386 F.3d at 575. The strength of the public's right of access varies depending on which of these sources applies in a given case. *Id.* A court considering a motion to maintain documents under seal must first determine the nature of the information and the public's right to access. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988); *Bayer Cropscience, Inc. v. Syngenta Crop Protection, LLC*, 979 F. Supp. 2d 653, 655 (M.D.N.C. 2013).

Documents not considered by the Court are not judicial records and therefore not subject to the public's right to access. *Double Doggie, LLC v. PetsMart, Inc.*, 2018 WL 11424684 at *2 (M.D.N.C. Jan. 10, 2018,); *In re Policy Mgmt. Sys. Corp.*, 1995 WL 541623, at *3-4 (4th Cir. Sept 13, 1995) (finding that documents submitted to but not considered by the court did "not play any role in the adjudicative process" and "are [therefore] not subject to" the common law or First Amendment right of access). Documents considered by the Court in non-dispositive motions are generally only subject to the common law right of access. *Washington v. Bruraker*, 2015 WL 6673177 at *8 (W.D.Va. Mar. 29, 2015). Documents considered by the Court at trial or in dispositive motions are generally subject to common law and First Amendment rights of access. *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir.1988)

Once a court determines the nature of the public's right to access, it can weigh the competing interests to determine whether the materials should be sealed. *Stone*, 855 F.2d at 181. Although there is a general presumption that the public has the right to access judicial records, this presumption may be overcome "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir.

3

2000). "[I]f the public's right of access is outweighed by competing interests," a court has the authority to seal court documents. *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

"[T]he right [of the public] to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Traditionally, the media and public have not been given access to materials containing confidential information, and courts have consistently allowed competitively sensitive business and technical information to be filed under seal. *See, e.g., Nuvasive, Inc v. Kormanis*, No. 1:18-CV-282, 2019 WL 9633644, at *3 (M.D.N.C. May 15, 2019) (granting in part motion to seal information disclosed with a confidentiality agreement where "disclosure of this information would harm the competitive standing" of the non-party that produced it); *ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, 801 F. Supp. 2d 419, 424-29 (M.D.N.C. 2011) (granting motion to file under seal confidential and proprietary business information); *ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, No. 1:09CV471, 2014 WL 2607364, at *5 (M.D.N.C. June 11, 2014) (granting motion to seal information concerning customers, customer purchase history, pricing, and costs); *Allergan, Inc. v. Apotex Inc.*, No. 1:10-CV-681, 2013 WL 1750757, at *7 (M.D.N.C. Apr. 23, 2013), *vacated on other grounds*, 754 F.3d 952 (Fed. Cir. 2014) ("find[ing] . . . revenue information . . . [was] confidential . . . and proprietary 'business information that might harm [the parties'] competitive standing.'"); *SMD Software, Inc. v. EMove*, No. 5:08-cv-403-FL, 2013 WL 1091054, at *6 (E.D.N.C. Mar. 15, 2013) (granting motion to seal financial, market share, pricing, and marketing information).

4

The common law presumes a right to inspect and copy judicial records and documents. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). This default presumption of access is subject to a balancing test in which access may be denied if "countervailing interests heavily outweigh the public interests in access." *Rushford*, 846 F.2d at 253.

The First Amendment right of access "may be abrogated only in unusual circumstances." *Stone*, 855 F.2d at 182. This protection encompasses all documents and material filed in connection with dispositive pre-trial motions or other motions affecting the substantive rights of the parties. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988). "It is uncontested, however, that the right to inspect and copy judicial records is not absolute." *Nixon*, 435 U.S at 598; *see also Rushford*, 846 F.2d at 253 ("The mere existence of a First Amendment right of access … to a particular kind of document does not entitle[] the press and the public to access in every case."). Access to judicial records subject to a First Amendment right of access may be denied if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986).

Courts have repeatedly recognized that a party's interest in protecting proprietary, sensitive, or otherwise confidential information from public dissemination will often outweigh the public's interest in accessing such information. *See Nixon,* 435 U.S. at 598 (noting that public access may be inappropriate for "business information that might harm a litigant's competitive standing"); *Bayer*, 979 F. Supp. 2d at 656 (same); *Adjabeng v. GlaxoSmithKline, LLC*, No. 1:12-CV-568, 2014 WL 459851, at *3 (M.D.N.C. Feb. 5,

2014) ("In the absence of an improper purpose and where there are no countervailing interests, sealing confidential business information is appropriate.").

Procedurally, the district court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 302. Notably, however, public notice is satisfied through the docketing of a party's motion to seal. *Stone*, 855 F.2d at 181; *Kinetic Concepts, Inc. v. Convatec, Inc.*, No. 1:08-CV-918, 2010 WL 1418312, at *8 (M.D.N.C. Apr. 2, 2010).

## III. ARGUMENT

Defendant respectfully asks the Court to grant its motion and maintain under seal Defendant's Confidential Information. Certain documents filed in connection with the Parties' Summary Judgment and *Daubert* Motions, as well as and discreet portions of the Parties' respective briefings contain or reflect Defendant's sensitive or otherwise confidential business information, and Defendant would suffer harm if this Confidential Information was made public.[1]

### A. Portions of the Parties' Briefings and Exhibits Should Be Maintained Under Seal

#### 1. Defendant's Interest in Protecting Its Confidential Information Outweighs the Public's Interest in Accessing the Information

---

[1] Defendant takes no position on maintaining under seal Plaintiff's designated materials.

Defendant seeks to seal portions of certain documents filed in connection with the Parties' Summary Judgment and *Daubert* motions as well as and discreet portions of the Parties' respective briefings.

The documents and briefing submitted with the parties' summary judgment and *Daubert* motions are judicial records subject to the public's right of access. *See, e.g., Bayer*, 979 F. Supp. 2d at 656. Many of the documents identified on Appendix A, however, include whole expert reports, entire deposition transcripts, and numerous NeoGenomics technical documents, in which most of the contents was not referenced by either party in any of the pending motions. (*See, e.g.*, Appendix A, §§ I-III, Olivo Decl. ¶¶ 14-15.) Such records, despite appearing on the docket, are not judicial records and thus not subject to the public's right to access. *Double Doggie, LLC v. PetsMart, Inc.*, 2018 WL 11424684 at *2 (M.D.N.C. Jan. 10, 2018).

Courts nevertheless grant motions to seal business information "not ordinarily public" despite being subject to a public right of access. *Bayer*, 979 F. Supp. 2d at 656-57. In balancing the public interest in access against the harm from disclosure of sensitive records, courts recognize that a party's interest in protecting proprietary, sensitive, or otherwise confidential information from public dissemination will often outweigh the public's interest in accessing such information. *See Nixon*, 435 U.S. at 598 (noting that public access may be inappropriate for "business information that might harm a litigant's competitive standing"); *Bayer,* 979 F. Supp. 2d at 656 (same); *Adjabeng,* 2014 WL 459851, at *3 ("In the absence of an improper purpose and where there are no countervailing interests, sealing confidential business information is appropriate.").

7

A court may consider the following factors in carrying out the balancing test: "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight*, 743 F.2d at 235 (citation omitted). Each of these factors weighs strongly in favor of sealing the Confidential Information. Weighing the public's right of access against Defendant's legitimate interest in protecting its highly confidential information demonstrates that the Confidential Information subject to this motion should remain sealed.

### a. Summary Judgment and *Daubert* Briefing

The summary judgment and *Daubert* briefing submitted by the parties contains NeoGenomics' confidential information, as identified in Sections IV-VII of Appendix A. As indicated in the Olivo Declaration, NeoGenomics maintains this information confidential because it discloses non-public technical specifications and data and business information. (*See* Olivo Decl. ¶¶ 6, 8-18.) If publicly revealed, its disclosure could harm Defendant by providing competitors with a competitive edge in preparing competitive sales, consumer research, marketing, testing and analysis, and product distribution strategies with Defendant or Defendant's competitors. (*See id.*) Further, many of the documents identified on Appendix A reference or otherwise disclose business transactions and relationships between NeoGenomics and third parties subject to contractual confidentiality provisions that preclude NeoGenomics from disclosing details of those relationships absent consent from the third parties or as required by law or legal process. (*Id.* ¶¶ 4-7; Appendix A, §§

II.B, VI, VII.)

### b. Expert Reports Submitted in Connection with Summary Judgment and *Daubert* Briefing

The parties' initial joint motion additionally includes the technical expert reports of Dr. Michael Metzker submitted by Natera and Dr. Niall Lennon submitted by NeoGenomics (Dkts. 442, 443, 449, 459, 468, 469, and 470; Appendix A, §§ I-II.) The parties further filed the economic expert reports of Ambreen Salters and Anup Malani submitted by Natera and reports of Stephen Dell submitted by NeoGenomics. (Dkts. 463, 464, 465, 466, 467, and 475; Appendix A, §§ I.E., I.F. and II.B.) Although the summary judgment and *Daubert* briefing references specific, targeted portions of these reports, these reports were filed on the docket in their entirety.

As indicated in the accompanying Olivo Declaration, the technical expert reports of Drs. Michael Metzker and Niall Lennon reference and discuss highly confidential technical specifications of the accused RaDaR test, experimental data concerning RaDaR, and non-public, technical details about the RaDaR workflow, development, and experimentation. (Olivo Decl. §§ 12-13.) The economic expert reports of Ms. Salters, Mr. Dell, and Dr. Malani disclose highly confidential, financial and strategy business information concerning NeoGenomics' licenses with third parties, projected operating expenses, financial data, and competitive business information not disclosed in public filings. (*Id.*) This information has not been made public, and its disclosure would cause harm to NeoGenomics by giving its competitors a competitive edge without justification. (*Id.*)

### c. Exhibits Submitted in Connection with Expert Reports

The final category of documents identified in Section I of Appendix A concerns exhibits filed on the docket in connection with Dr. Metzker's expert reports. (Appendix A, § I.) These include the expert deposition transcripts of Dr. Metzker, Dr. Malani, Ms. Salters, Mr. Dell, and Mr. Lennon (Dkts. 480, 481, 482, 483, and 485; Appendix A, § III.) These transcripts were similarly submitted in their entirety and largely uncited by either party in their respective summary judgment and *Daubert* briefing. They contain highly confidential technical and financial details concerning the development, operation, financial, and strategic business position of the accused RaDaR test. (Olivo Decl. §§ 12-15.)

In addition, Section I of Appendix A identifies the deposition transcripts of NeoGenomics fact witnesses Vishal Sikri, Warren Stone, Nathan Campbell, Dr. Timothy Forshew, Dr. Giovanni Marsico, and Dr. Pete Ellis. (Appendix A, § I.) These transcripts, again submitted in their entirety, disclose highly confidential technical details of the research, development, workflow, testing, and specifications of the accused RaDaR test, as well as unreleased products. (Appendix A, § I; Olivo Decl. ¶ 15.) The Sikri and Stone transcripts further disclose highly confidential financial and strategic competitive information that would be damaging to NeoGenomics if publicly disclosed. (*Id.*)

Finally, Appendix A lists several technical specifications and internal presentations and documentation concerning the accused RaDaR test, as well as interrogatory responses discussing these documents. (Appendix A, § I; Dkts. 443-6, 443-7, 443-8, 443-11, 443-14, 444, 444-1, 444-4, 445, 445-2, 445-4, 445-5, 445-6, 446-1, 446-2, 446-3, 446-9, 446-

10

10, 446-11, 447, 447-3, 447-4, 447-5, 448, 448-1, 448-2, 448-5, 448-6, 448-7, 448-8, 448-10, 448-11, 459-17, 459-18, 460, 460-1, 460-2, 460-4, 460-5, 486-1; Appendix A, § IV (Dkt. 520-10, Exhibit J – NEOGEN00287824); Olivo Decl. ¶¶ 6, 8-18.)  These documents contain highly confidential details about the design and development of the accused RaDaR test, specific components and experimentation of the test, the design and results of experiments concerning the test, and strategic competitive information about the test. (Olivo Decl. ¶¶ 16-18.)  As explained in the Olivo Declaration, these documents have not been made public and disclosure could harm NeoGenomics by allowing competitors to access confidential information and thereby give them an unwarranted advantage in product research and development.  (*Id.*, ¶¶ 16-21.)

Defendant is unaware of any attempts by others to seek the Confidential Information, and Defendant believes that the most likely reason a person or entity would attempt to obtain that information would be to unfairly gain a business advantage.  (*See* Olivo Decl. ¶¶ 6, 8-11, 15-18, 20.)  Additionally, releasing the Confidential Information would not "enhance the public's understanding of an important historical event." *See In re Knight*, 743 F.2d at 235.  Finally, there is no indication that the public has already had access to the Confidential Information. (Olivo Decl. ¶¶ 9, 20-21.)  Accordingly, all of the factors set forth in *In re Knight* favor maintaining the seal over the Confidential Information.

Because Defendant's interest in protecting proprietary, sensitive, and otherwise confidential and/or privileged information from public dissemination outweighs the public's interest in accessing that information, the Court should grant the amended motion to seal.

11

### 2. Defendant's Request Complies with the Fourth Circuit's Procedural Requirements for Sealing Documents

Public notice requirements have been satisfied through the docketing of the motion to seal. The Fourth Circuit requires that the public be provided notice of any request to seal judicial documents and a reasonable opportunity to object to any such request. *Ashcraft*, 218 F.3d at 302. This requirement is satisfied through the docketing of a party's motion to seal. *Stone*, 855 F.2d at 181; *Kinetic Concepts*, 2010 WL 1418312, at *8. The parties' initial joint motion (Dkt. 442) was filed on June 19, 2025. At this time, Defendant is not aware of any party that objects to the motion, and the public has had sufficient time to respond and lodge any objections before the Court rules on the motion.

Defendant's request to keep certain documents filed in connection with the Parties' Summary Judgment and *Daubert* Motions as well as and discreet portions of the Parties' respective briefings under seal is narrowly tailored. Redaction of confidential material is less drastic than filing an entire document or motion under seal. *Bell v. Shinseki*, No. 1:12cv57, 2013 WL 3157569, at *9 (M.D.N.C. June 20, 2013), *aff'd*, 584 F. App'x 42 (4th Cir. 2014). Defendant's confidential information, highlighted in green in the materials submitted under seal contemporaneously herewith, is narrowly tailored to only the portions of paragraphs where the most sensitive information is contained. This selective and narrow protection of confidential material constitutes the least drastic method of shielding the information at issue. *See Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys. Inc.*, No. 1:05CV955, 2012 WL 526059, at *1 (M.D.N.C. Feb. 16, 2012) (granting motion to seal and noting that plaintiff satisfied Fourth Circuit's sealing requirements "by

redacting certain sensitive information from the exhibits at issue rather than attempting to file entire documents under seal").

Moreover, NeoGenomics has further narrowed its confidentiality designations over the documents subject to this amended motion. NeoGenomics' narrowed confidentiality designations based on information discussed at the August 8, 2025 hearing on the pending summary judgment and *Daubert* motions is indicated on Appendix A.

Finally, as set forth above, there is sufficient support for maintaining the Confidential Material under seal with publicly filed versions containing strictly limited redactions. The documents and exhibits filed in connection with the Parties' Summary Judgment and *Daubert* Motions, as well as limited, discreet confidential portions of the Parties' briefings include information such as confidential business predictions, and financial information, as explained above. Disclosure of this sensitive information would reveal to competitors (including Plaintiff) Defendant's confidential and sensitive business information, resulting in harm to Defendant.

Having satisfied both the substantive and procedural requirements for filing under seal, the Court should grant NeoGenomics' Amended Motion to Seal.

## IV. CONCLUSION

For the forgoing reasons, Defendant respectfully requests that the Court grant NeoGenomics' Motion to Seal as it pertains to NeoGenomics' Confidential Information.

This the 15th day of August, 2025

/s/ Aaron Fountain
_____

AARON FOUNTAIN *
MORRISON & FOERSTER
300 Colorado Street, Suite 1800
Austin, TX 78701
Tel: (737) 309-0700
AFountain@mofo.com

/s/ John Morrow
_____

JOHN F. MORROW, JR.
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Tel: 336-721-3584
Fax: 336-733-8429
Email: John.Morrow@wbd-us.com

DARALYN J. DURIE*
MATTHEW I. KREEGER*
ANNIE A. LEE*
JACK WILLIAM HAISMAN*
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel: (415) 268-7000
Fax: (415) 268-7522
DDurie@mofo.com
MKreeger@mofo.com
AnnieLee@mofo.com
JHaisman@mofo.com

CHARLES CALHOUN PROVINE*
MORRISON & FOERSTER LLP
2100 L Street NW, Suite 900
Washington DC 20037

14

Tel:  (202) 887-1500
Fax:  (202) 887-0763
CProvine@mofo.com

ERIC NIKOLAIDES*
MORRISON & FOERSTER LLP
250 West 55th St.
New York, NY 10019
Tel:  (212) 336-4061
ENikolaides@mofo.com

HUI ZHAO*
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX 78701
Tel:  (737) 309-0700
HZhao@mofo.com

MATTHEW R. STEPHENS*
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92130
Tel:  (858) 720-5100
Fax:  (858) 720-5125
MStephens@mofo.com

*Counsel for NeoGenomics Laboratories, Inc.*
*\*Special Appearance under Local Civil Rule 83.1(d)*

15

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that this brief complies with the word count limitations of Local Rule 7.3(d).

Dated : August 15, 2025

*/s/ Aaron Fountain*
Aaron Fountain

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on August 15, 2025, a true and correct copy of the foregoing document was served via electronic notice and electronic mail upon the following:

**ANDREW R. SHORES**
**CARMELLE F. ALIPIO**
**ROBERT VAN ARNAM**
WILLIAMS MULLEN
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
ashores@williamsmullen.com
calipio@williamsmullen.com
rvanarnam@williamsmullen.com

**KEVIN P.B. JOHNSON**
**VICTORIA MAROULIS**
**ANDREW J BRAMHALL**
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
kevinjohnson@quinnemanuel.com
victoriamaroulis@quinnemanuel.com
andrewbramhall@quinnemanuel.com

**KEVIN ALEXANDER SMITH**
**TARA SRINIVASAN**
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California St., 22nd Floor
San Francisco, CA 94111
kevinsmith@quinnemanuel.com
tarasrinivasan@quinnemanuel.com

**SANDRA HABERNY**
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
sandrahaberny@quinnemanuel.com
qe-natera-
neogenomics@quinnemanuel.com

*Attorneys for Natera, Inc.*

_____
/s/ Aaron Fountain
Aaron Fountain

17