IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NATERA, INC.,<br><br>    Plaintiff,<br><br> v.<br><br>NEOGENOMICS LABORATORIES, INC.,<br><br>    Defendant. | Case No. 1:23-cv-629-CCE-JLW |

## DECLARATION OF ALICIA OLIVO

I, Alicia Olivo, declare:

  1. I am over eighteen years of age and am competent to testify to the matters stated in this declaration. The statements made herein are based on my personal knowledge, as well as information provided to me by others at Defendant NeoGenomics Laboratories Inc. ("NeoGenomics"), in which case my statements are made on information and belief as stated.

  2. I am an employee of NeoGenomics. I serve as the General Counsel responsible for patent matters, including the above-captioned litigation.

  3. I make this declaration based on my current understanding and belief in support of the NeoGenomics' Memorandum in Support of its Amended Motion to Seal. NeoGenomics seeks to maintain under seal certain, limited, discreet portions of documents filed in connection with the parties' respective Summary Judgment and *Daubert* Motions.

  4. I understand that certain portions of these materials have been designated

1

confidential by Natera. I have not reviewed those portions and take no position as to their confidentiality. Accordingly, to the extent this declaration addresses documents designated by both Natera and NeoGenomics as confidential, I have reviewed only NeoGenomics' confidential information.

5. Attached as Appendix A to the Amended Motion to Seal is a complete listing of sealed filings containing NeoGenomics' confidential information that were included with the parties' Joint Motion to Maintain Under Seal Confidential Materials (Dkt. 442) and in connection with the parties' summary judgment and *Daubert* motion briefing, along with a short description and the corresponding docket numbers of both the sealed version of each document and the public, redacted version of each document.

6. The documents listed on Appendix A designated by NeoGenomics contains or otherwise references NeoGenomics' highly confidential business information. The materials include details about the functionality of NeoGenomics' RaDaR assays; documentation relating to the same; information regarding NeoGenomics relationships with third parties, business strategies and financial information. This information is proprietary, and disclosure could harm NeoGenomics because it will allow competitors access to information that could be used to NeoGenomics' detriment in product research and development, design, testing, and analysis strategies. This highly confidential business information is information not available to the public and which could give NeoGenomics' competitors a competitive edge against NeoGenomics for future product development, contract negotiations, and marketing strategies.

7. For the purposes of this declaration, the materials filed under seal are

2

addressed in three categories: (1) the parties' briefing on the pending summary judgment and *Daubert* motions and briefs; (2) the parties' expert reports filed on the docket in connection with briefing on summary judgment and *Daubert* motions; and (3) exhibits submitted in connection with the Parties' expert reports and summary judgment and *Daubert* motions, including deposition transcripts, discovery responses, and technical documents

### A. Summary Judgment and *Daubert* Motion Briefing

8. Sections IV and V of Appendix A identify the summary judgment motions and briefs submitted by NeoGenomics (Dkts. 492, 535) and Natera's opposition brief (Dkt. 514). Each contains or otherwise references NeoGenomics' highly confidential business information regarding an unreleased product. Disclosure of this confidential information could harm NeoGenomics because it will allow competitors access to confidential information that could be used to NeoGenomics' detriment in product research and development. Specifically, these portions disclose non-public details regarding the design, development timeline, identification of specific components, and experimentation of NeoGenomics' new RaDaR 1.1 assay, as well as product research and development, design, testing, and analysis strategies, all of which is maintained confidential. If NeoGenomics' competitors gain access to the design, they could duplicate NeoGenomics' proprietary method and use it to unfairly compete against NeoGenomics. Additionally, these portions discuss NeoGenomics' product research and development, design, testing, and development strategies, which is highly confidential business information. This highly confidential business information is information not available to the public and which

could give NeoGenomics' competitors a competitive edge against NeoGenomics for future product development, contract negotiations, and marketing strategies.

9. Sections IV and V also identify the summary judgment motions and briefs submitted by Natera (Dkts. 503, 540), NeoGenomics' opposition brief (Dkt. 523), and Exhibit J to the Declaration of Matthew Stephens in Support of NeoGenomics' opposition (Dkt. 520-10). Each contains or otherwise references NeoGenomics' highly confidential business information regarding an unreleased product. Disclosure of this confidential information could harm NeoGenomics because it will allow competitors access to confidential information that could be used to NeoGenomics' detriment in product research and development. Specifically, these portions disclose non-public details regarding the design, development timeline, identification of specific components, and experimentation of NeoGenomics' new RaDaR 1.1 assay, as well as product research and development, design, testing, and analysis strategies, all of which is maintained confidential. If NeoGenomics' competitors gain access to the design, they could duplicate NeoGenomics' proprietary method and use it to unfairly compete against NeoGenomics. Additionally, these portions discuss NeoGenomics' product research and development, design, testing, and development strategies, which is highly confidential business information. This highly confidential business information is information not available to the public and could give NeoGenomics' competitors a competitive edge against NeoGenomics for future product development, contract negotiations, and marketing strategies.

10. As identified in Sections VI and VII of Appendix A, the *Daubert* motion and briefs submitted by NeoGenomics (Dkts. 507, 521) and Natera's opposition brief (Dkt.

4

515), each contains or otherwise references NeoGenomics' highly confidential business information regarding an unreleased product. NeoGenomics' Reply in Support of its Motion to Exclude Opinions and Testimony of Dr. Michael Metzker similarly discloses highly confidential business information (Dkt. 531). Disclosure of this confidential information could harm NeoGenomics because it will allow competitors access to confidential information that could be used to NeoGenomics' detriment in product research and development. Specifically, these portions disclose non-public details regarding the design, development timeline, identification of specific components, and experimentation of NeoGenomics' new RaDaR 1.1 assay, as well as product research and development, design, testing, and analysis strategies, all of which is maintained confidential. These portions additionally may discuss non-public details regarding certain business partnerships between NeoGenomics and third parties which are subject to contracts with confidentiality provisions that preclude NeoGenomics from disclosing details of those relationships absent consent from third parties or as required by law or legal process. This highly confidential business information is information not available to the public and which could give NeoGenomics' competitors a competitive edge against NeoGenomics for future product development, contract negotiations, and marketing strategies.

11. Regarding the *Daubert* motions and briefs submitted by Natera (Dkts. 506, 508, 509, 533, and 538) and NeoGenomics' opposition brief (Dkt. 522) as identified in Section VII and VI of Appendix A, each contains or otherwise references NeoGenomics' highly confidential business information regarding an unreleased product and business transactions with third parties. Disclosure of this confidential information could harm

5

NeoGenomics because it will allow competitors access to confidential information that could be used to NeoGenomics' detriment in product research and development. Specifically, these portions disclose non-public details regarding the design, development timeline, identification of specific components, and experimentation of NeoGenomics' new RaDaR 1.1 assay, as well as product research and development, design, testing, and analysis strategies, all of which is maintained confidential. These portions additionally may discuss non-public details regarding certain licenses between NeoGenomics and third parties which are subject to contracts with confidentiality provisions that preclude NeoGenomics from disclosing details of those relationships absent consent from third parties or as required by law or legal process. This highly confidential business information is information not available to the public and which could give NeoGenomics' competitors a competitive edge against NeoGenomics for future product development, contract negotiations, and marketing strategies.

B. Expert Reports

12. As identified in Sections I and II of Appendix A, the reports of Michael Metzker submitted by Natera and the reports of Niall Lennon submitted by NeoGenomics (Dkts. 443, 449, 459, 468, 469, and 470) each contain or otherwise references NeoGenomics' highly confidential business information. These reports disclose specific technical details concerning the design and state of development for an unreleased assay that are proprietary and highly confidential business information. Disclosure of this confidential information could harm NeoGenomics because it will allow competitors access to confidential information that could be used to NeoGenomics' detriment in

6

product research and development. Specifically, these portions discuss NeoGenomics' product research and development, design, testing, and analysis strategies, which is highly confidential business information. This highly confidential business information is information not available to the public and which could give NeoGenomics' competitors a competitive edge against NeoGenomics for future product development, contract negotiations, and marketing strategies.

13. As identified in Sections I.E., I.F. and II.B of Appendix A, the reports of Ambreen Salters and Anup Malani submitted by Natera and reports of Stephen Dell submitted by NeoGenomics (Dkts. 463, 464, 465, 466, 467, and 475) each contain or otherwise references NeoGenomics' highly confidential business information. These reports also reference or otherwise disclose non-public confidential business, commercial, and financial information or non-public details regarding certain business partnerships between NeoGenomics and third parties which are subject to contracts with confidentiality provisions that preclude NeoGenomics from disclosing details of those relationships absent consent from third parties or as required by law or legal process.

C. Other Exhibits

14. As further identified in Sections I-III of Appendix A, the exhibits submitted under seal by Natera and NeoGenomics in connection with the Parties' Expert Reports and Summary Judgment and *Daubert* Motions contain NeoGenomics' confidential information. Specifically, the deposition transcripts of Michael Metzker, Anup Malani, Ambreen Salters, Stephen Dell, and Niall Lennon (Dkts. 480, 481, 482, 483, and 485) were each originally submitted in their entirety. I understand that much of their contents was

7

not cited or relied upon by the parties in their respective briefs. These transcripts contain or otherwise reference NeoGenomics' highly confidential business information. Disclosure of this confidential information could harm NeoGenomics because it will allow competitors access to confidential information that could be used to NeoGenomics' detriment in product research and development. If NeoGenomics' competitors gain access to the design, they could duplicate NeoGenomics' proprietary method and use it to unfairly compete against NeoGenomics. Additionally, these portions discuss NeoGenomics' product research and development, design, testing, and development strategies, which is highly confidential business information. Specifically, these portions discuss non-public details regarding the design, development timeline, identification of specific components, and experimentation of NeoGenomics' new RaDaR 1.1 assay, as well as product research and development, design, testing, and analysis strategies, which is highly confidential business information. As identified in Section III of NeoGenomics' Appendix A to the Amended Motion to Seal, the reports also reference or otherwise disclose non-public confidential business, commercial, and financial information or non-public details regarding certain business partnerships between NeoGenomics and third parties which are subject to contracts with confidentiality provisions that preclude NeoGenomics from disclosing details of those relationships absent consent from third parties or as required by law or legal process.

15. Moreover, I understand that Natera attached the entirety of the following deposition transcripts of NeoGenomics' witnesses to Dr. Metzker's report as identified in Section I.A. of Appendix A:

| Dkt. | Description |
|---|---|
| 444-2 | March 31, 2025, Pete Ellis Tr. |
| 444-3 | April 4, 2025, Tim Forshew 30(b)(6) Tr. |
| 444-6 | July 26, 2024, Vishal Sikri 30(b)(1) Tr. |
| 444-7 | July 26, 2024, Vishal Sikri 30(b)(6) Tr. |
| 444-8 | May 29, 2024, Nathan Campbell Tr. |
| 444-9 | April 1, 2025, Giovanni Marsico 30(b)(1) Tr. |
| 444-10 | April 1, 2025, Giovanni Marsico 30(b)(6) Tr. |
| 444-11 | July 19, 2024, Tim Forshew 30(b)(1) Tr. |
| 444-12 | July 10, 2024, Warren Stone 30(b)(6) Tr. |
| 444-13 | April 1, 2025, Warren Stone 30(b)(1) Tr. |

I understand that much of their contents was not cited or relied upon by the parties in their respective briefs. These transcripts contain or otherwise reference NeoGenomics' highly confidential business information. For instance, the transcripts of Messrs. Sikri and Campbell, and Drs. Forshew, Marsico, and Ellis contain discussion of non-public technical details of the research, development, workflow, testing, and specifications of NeoGenomics' RaDaR test. The deposition transcripts of Messrs. Sikri and Stone disclose non-public details of NeoGenomics' financial and strategic competitive information. Disclosure of this confidential information could harm NeoGenomics because it will allow competitors access to confidential information that could be used to NeoGenomics' detriment in product research and development. If NeoGenomics' competitors gain access to the design, they could duplicate NeoGenomics' proprietary method and use it to unfairly compete against NeoGenomics. Additionally, these portions discuss NeoGenomics' product research and development, design, testing, and development strategies, which is highly confidential business information. Specifically, these portions discuss non-public

9

details regarding the design, development timeline, identification of specific components, and experimentation of NeoGenomics' new RaDaR 1.1 assay, as well as product research and development, design, testing, and analysis strategies, which is highly confidential business information. As identified in NeoGenomics' Appendix to the Amended Motion to Seal, portions of these transcripts reference or otherwise disclose non-public confidential business, commercial, and financial information or non-public details regarding certain business partnerships between NeoGenomics and third parties which are subject to contracts with confidentiality provisions that preclude NeoGenomics from disclosing details of those relationships absent consent from third parties or as required by law or legal process

16. As further identified in Section I of Appendix A, the documents and exhibits filed in connection with the Parties' expert reports contain or otherwise references NeoGenomics' highly confidential business information. These documents disclose specific technical details concerning the design and state of development for an unreleased assay that are proprietary and highly confidential business information. Disclosure of this confidential information could harm NeoGenomics because it will allow competitors access to confidential information that could be used to NeoGenomics' detriment in product research and development. Specifically, these portions discuss NeoGenomics' financial, product research and development, design, testing, and analysis strategies, which is highly confidential business information. This highly confidential business information is information not available to the public and which could give NeoGenomics' competitors a competitive edge against NeoGenomics for future product development, contract

10

negotiations, and marketing strategies.

17. Section I also identifies exhibits consisting of NeoGenomics' interrogatory responses submitted in connection with the Parties' expert reports (Dkts. 446-3, 448-2, and 448-10) and Natera's Final Infringement Contentions (Dkt. 444-5), which each contains or otherwise references NeoGenomics' highly confidential business information. Disclosure of this confidential information could harm NeoGenomics because it will allow competitors access to confidential information that could be used to NeoGenomics' detriment in product research and development. Specifically, these portions discuss the specific workflow, development, and technical details regarding the design of NeoGenomics' unreleased assay, as well as product research and development, design, testing, and analysis strategies, which is highly confidential business information. This highly confidential business information is information not available to the public and which could give NeoGenomics' competitors a competitive edge against NeoGenomics for future product development, contract negotiations, and marketing strategies.

18. With respect to certain technical documents submitted in connection to the Parties' expert reports as identified in Sections I and IV of Appendix A, each designated document contains or otherwise references NeoGenomics' highly confidential business information. These documents include non-public technical details about the design, development timeline, identification of specific components, and experimentation of NeoGenomics' new RaDaR 1.1 assay and the design and results of NeoGenomics' experiments concerning this assay. Disclosure of this confidential information could harm NeoGenomics because it will allow competitors access to confidential information that

could be used to NeoGenomics' detriment in product research and development. Specifically, these portions discuss NeoGenomics' product research and development, design, testing, and analysis strategies, which is highly confidential business information. This highly confidential business information is information not available to the public and which could give NeoGenomics' competitors a competitive edge against NeoGenomics for future product development, contract negotiations, and marketing strategies.

19. Disclosure of the aforementioned confidential information could harm NeoGenomics because it would allow competitors access to information that could be used to NeoGenomics' detriment in business competition as to future product development, contract negotiations, and marketing strategies.

20. I am not aware of any attempts by others to seek the aforementioned confidential information. Further, the most likely reason others would seek such information would be for the improper purpose of gaining an unfair competitive advantage.

21. I am not aware of any public disclosure of any of the aforementioned confidential information.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of August, 2025.

                                                  *DocuSigned by:*
                                                  *Ali Olivo*
                                              875999F7FFEF4E8...
                                      Alicia Olivo